J. C. WAYCASTER, ADMINISTRATOR OF R. J. WAYCASTER v. ED SPARKS.

(Filed 13 April, 1966.)

**1. Trial § 21—**

    On motion. to nonsuit, the evidence favorable to plaintiff must be accepted as true and considered in the light most favorable to plaintiff, disregarding all evidence in conflict therewith, including any contradictions in plaintiff's evidence.

**2. Automobiles § 34—**

The presence of small children at or near the edge of a highway is, itself, a danger signal to an approaching motorist, requiring the use of that degree of care which would be exercised by a reasonably prudent man in such circumstances.

**3. Negligence § 26—**

Nonsuit may not be granted upon the basis of contributary negligence of a child seven years old.

**4. Automobiles § 41m—**

Evidence *held* sufficient to be submitted to the jury on the issue of defendant motorist's negligence in striking a seven year old child on the highway.

MOORE, J., not sitting.

APPEAL by plaintiff from *Froneberger, J.,* September 1965 Session of MITCHELL.

R. J. Waycaster, seven years of age, was instantly killed when struck by a 1950 Ford truck owned and driven by the defendant. This is an action for damages by reason thereof, the complaint alleging that the defendant was negligent in that he drove the truck on the highway without keeping a proper lookout ahead, without sounding his horn, and without stopping or turning the truck so as to avoid colliding with the child, and in other respects not material to the decision of this appeal. From a judgment of nonsuit, entered at the close of the plaintiff's evidence, the plaintiff appeals, assigning as error the entry of such judgment and certain rulings of the court with reference to the admission of evidence.

The plaintiff offered evidence which, if true, would tend to show:

At approximately 8:00 a.m., 12 November 1964, the little boy, his two older sisters, and other children were playing in the yard of a neighbor on the west side of the Altapass Road, in Spruce Pine, while waiting for their public school bus. Another group of children were playing in an open field on the east side of the paved road. The bus passed, headed south, toward a turn-around point approximately 400 feet away. As the bus proceeded southwardly, it met the defendant's Ford truck, headed north, at the crest of a hill about 275 feet from the children. The bus then turned around and went back north toward the point where the children were to board the bus. In order to board the bus the children had to cross the road to the east side of it. There was no other traffic then upon the highway. The accident had already occurred before the bus returned to the point where the children were to board it.

As the bus passed, going south, the children were playing in the neighbor's yard, near the driveway leading from the paved road to the neighbor's house. Close beside this driveway was another driveway leading to the home of another neighbor. Between the two driveways were three or four mail boxes, these being from six to ten feet west of the paved road. A hedge began about eight to ten feet west of the mail boxes and ran thence west between the driveways. There were also some garbage cans and a power pole near the mail boxes, their exact location with reference to the mail boxes not appearing clearly from the record. A child standing at the mail boxes would be visible to the driver of a northbound automobile when it came over the crest of the hill, 275 feet to the south.

As the bus passed, going south, the little Waycaster boy ran from where the other children were playing northwardly toward the driveways and the mail boxes. The children went to get their books, preparatory to crossing the road and boarding the bus when it came back. The little boy's books were on one of the mail boxes and he went there to get them. After taking his books from the mail box, the little boy went to the edge of the road, looked both ways, and started across. He was struck on the paved road at a point south of the mail boxes and the hedge; that is, at a point on the side thereof from which the truck was approaching. The pavement is 18 to 20 feet wide. The truck was on its right side of the center of the pavement when it struck the child. His body fell to the road in the northbound lane and north of the driveway. The truck stopped about 50 feet north of his body.

The defendant did not observe any children at the mail boxes as he drove along the road toward them. He was traveling 20 miles per hour. He first saw the child as he ran in front of the truck and the truck struck him. He did not then have time to sound his horn or apply his brakes before striking the child. As he drove toward the point where the accident occurred he observed the children who were playing in the field on the east side of the road.

*Warren H. Pritchard and G. D. Bailey for plaintiff.*
*Clarence N. Gilbert for defendant.*

PER CURIAM. In reviewing a judgment of nonsuit we are required to consider the evidence in the light most favorable to the plaintiff, accept the evidence so construed as true, and disregard all evidence in conflict therewith, including any inconsistencies or contradictions in the plaintiff's evidence. *Thomas v. Morgan,* 262 N.C. 292, 136 S.E. 2d 700; *White v. Roach,* 261 N.C. 371, 134 S.E. 2d

651; *Coleman v. Colonial Stores, Inc.*, 259 N.C. 241, 130 S.E. 2d 338.

A motorist must operate his vehicle with the care which would be used by a reasonable man who saw what the defendant saw or could have seen. The presence of a seven year old child at or near the edge of the pavement of a highway is, itself, a danger signal to an approaching motorist. A nonsuit may not be granted upon the basis of contributory negligence by a child of that age.

Interpreted in accordance with the above mentioned rule, the evidence offered by the plaintiff was sufficient to require the submission of the case to the jury. In so ruling we do not, of course, suggest either that the evidence was true or that it presents the entire factual situation. These are questions for the jury to determine.

Since the case must go back to the Superior Court for another trial, it is not necessary for us on this appeal to consider the assignments of error relating to the admission of evidence. They may not arise on the second trial.

Reversed.

MOORE, J., not sitting.