HARLEY McCRAY SIMMONS v. ED NORMAN WILLIAMS, JR. AND HAROLD BURNETT FERGUS

No. 735DC779

(Filed 9 January 1974)

1. **Automobiles § 53— driving on wrong side of highway**
     In an action to recover for personal injuries received when plaintiff was struck by defendants' truck, plaintiff's evidence was sufficient to go to the jury on the issue of defendant driver's negligence where it tended to show that the driver had crossed a double yellow line and was traveling in the left lane of the street when the accident occurred.

2. **Negligence § 35— directed verdict for contributory negligence**
     A verdict may be directed on the basis of contributory negligence only when the plaintiff's evidence so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference or conclusion can be drawn therefrom.

3. **Automobiles § 83— driving on wrong side of road — contributory negligence of pedestrian**
     Plaintiff's evidence did not disclose that he was contributorily negligent as a matter of law when he was struck by defendants'

truck, but presented a jury question as to that issue, where it tended to show that plaintiff, a sanitation worker, crossed the street and picked up a garbage can and two plastic bags full of trash, that he stepped out into the street a foot or two and then stopped and stood still, that he was struck by defendants' truck while standing still a foot or two from the curb with the garbage can and plastic bags in his arms, that defendants' truck was traveling southward in the north-bound lane when it struck plaintiff, and that there was no crosswalk at the point where plaintiff was struck.

APPEAL by plaintiff from *Barefoot, Judge,* April 1973 Session of District Court held in NEW HANOVER County.

This is an action to recover damages for personal injuries. The plaintiff alleges he was hit by a truck owned by Harold Burnett Fergus and operated by Ed Norman Williams, Jr. The accident occurred on 12 October 1971 on Front Street in the city of Wilmington.

In his complaint plaintiff charges the defendant Williams, among other things, with negligence in operating his truck to the left of the center line of Front Street at excessive speed and without keeping proper lookout. Defendants denied all allegations of negligence, but defendant Fergus admitted in his answer that he owned the truck and that Williams was his agent and employee acting in the course of his employment.

At the conclusion of plaintiff's evidence, the court granted defendant's motion for directed verdict.

Plaintiff appealed.

*Crossley & Johnson, by Robert White Johnson, for plaintiff appellant.*

*Smith & Spivey, by James K. Larrick, for defendant appellees.*

BALEY, Judge.

The sole question to be decided in this case is whether the trial court erred in directing a verdict for defendants.

[1] It is clear that plaintiff has presented sufficient evidence to go to the jury on the issue of defendants' negligence. He testified that defendant Williams had crossed a double yellow line and was traveling in the left lane of the street when the accident occurred. He was struck by the left front fender of the

Williams truck. G.S. 20-146 provides that, except in certain specified situations, motor vehicles must be driven on the right side of the roadway. "When a plaintiff suing to recover damages for injuries sustained in a collision offers evidence tending to show that the collision occurred when the defendant was driving to his left of the center of the highway, such evidence makes out a prima facie case of actionable negligence." *Lassiter v. Williams,* 272 N.C. 473, 475, 158 S.E. 2d 593, 595; *Anderson v. Webb,* 267 N.C. 745, 749, 148 S.E. 2d 846, 849; *Smith v. Kilburn,* 13 N.C. App. 449, 456, 186 S.E. 2d 214, 219, *cert. denied,* 281 N.C. 155, 187 S.E. 2d 586. Defendant, of course, may rebut the inference arising from such evidence by showing that he was on the wrong side of the road from a cause other than his own negligence. *Anderson v. Webb, supra.*

[2, 3] As to contributory negligence of the plaintiff as a matter of law, a verdict may be directed on the basis of contributory negligence "only when the plaintiff's evidence . . . so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference or conclusion can be drawn therefrom." *Anderson v. Carter,* 272 N.C. 426, 429, 158 S.E. 2d 607, 609; *accord, Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47; *Miller v. Enzor,* 17 N.C. App. 510, 195 S.E. 2d 86, *cert denied,* 283 N.C. 393, 196 S.E. 2d 276. In determining whether a directed verdict should be granted, the evidence must be viewed in the light most favorable to plaintiff. *Bowen v. Gardner, supra; Homes, Inc. v. Bryson,* 273 N.C. 84, 159 S.E. 2d 329. Contradictions and inconsistencies in plaintiff's evidence must be resolved in his favor. *Bowen v. Gardner, supra; Waycaster v. Sparks,* 267 N.C. 87, 147 S.E. 2d 535; *Carter v. Murray,* 7 N. C. App. 171, 171 S.E. 2d 810. When considered in this perspective, plaintiff's evidence tends to show the following: At the time of the accident, plaintiff was employed by the Sanitation Department of the City of Wilmington and worked on the back end of a garbage truck, picking up trash and putting it into the truck. On 12 October 1971, plaintiff's truck was being driven by Garland Nealy and was proceeding southward on Front Street. Nealy stopped the truck with its yellow flashing lights blinking and parked on the right edge of the street to collect some garbage. Plaintiff got off the truck, crossed to the left side of the street, and picked up a garbage can and two plastic bags full of trash. He turned around, looked to his right and left, stepped out into the street a foot or two, and then stopped and stood still. While he was standing still a foot or

Simmons v. Williams

two from the curb with the garbage can and plastic bags in his arms, Williams' truck ran into him. Williams had been driving southward, but he was in the northbound lane when the collision occurred; he was driving in the left lane of the street when he struck plaintiff. There was no crosswalk at the point where plaintiff crossed the street. Looking northward along Front Street in the direction from which Williams' truck came, a person could see for three or four blocks.

This evidence does not lead inevitably to the conclusion that plaintiff contributed to his injuries by his own negligence. It may be that plaintiff was negligent, and it may be that he was not; the question is one for the jury to resolve. The court should not have taken the case from the jury and directed a verdict for defendants.

Defendants contend that plaintiff was contributorily negligent in failing to see Williams' truck as it came toward him. In support of their position they cite *Anderson v. Carter, supra; Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214; and *Anderson v. Mann,* 9 N.C. App. 397, 176 S.E. 2d 365, *cert. denied,* 277 N.C. 351. These cases held that when a pedestrian crosses a street at a point other than a crosswalk, he must look carefully in both directions for oncoming traffic, observe any approaching vehicle, and move out of its path. In the present case, however, plaintiff testified that he was not crossing the street when the accident occurred, but was standing still at the edge of the street, a foot or two from the curb. The *Blake* and *Anderson* cases, therefore, are distinguishable.

The trial court erred in granting a directed verdict for defendants.

Reversed.

Judges MORRIS and HEDRICK concur.