JOSEPH E. PROCTOR v. WEYERHAEUSER COMPANY

No. 741SC119

(Filed 17 July 1974)

1. **Negligence § 34— injury while unloading logs — contributory negligence — sufficiency of evidence**
   Evidence in a personal injury action did not compel the conclusion that plaintiff was contributorily negligent where it tended to show that plaintiff was gathering a chain which he had just removed from a load of logs being delivered to defendant when an employee of defendant rammed the forks of an unloader under the logs causing the uppermost logs of the load to fall and strike plaintiff.

2. **Damages § 16— future damages — failure to instruct — no error**
   While it would not have been improper for the trial court in a personal injury action to charge that plaintiff could not recover for future consequences of his injury, such a charge was not necessary since all the evidence was of past injury.

APPEAL by defendant from *Fountain, Judge,* 18 June 1973 Civil Session of Superior Court held in PERQUIMANS County.

Plaintiff instituted this action to recover damages of $60,674 or "some other large sum" for injuries received due to the alleged negligence of defendant's agent. Defendant answered, pleading the affirmative defense of contributory negligence.

Issues of negligence, contributory negligence and amount of damages were submitted to the jury, who answered the first in the affirmative, the second in the negative, and awarded damages of $20,000. Defendant appeals, assigning error.

*Twiford, Abbott and Seawell, by Russell E. Twiford and John G. Trimpi, for plaintiff appellee.*

*Leroy, Shaw, Hornthal & Riley, by L. P. Hornthal, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to grant its motions for directed verdict and judgment notwithstanding the verdict, and portions of the court's instructions to the jury.

[1] By its first assignment of error defendant contends that plaintiff was contributorily negligent as a matter of law. In *Simmons v. Williams,* 20 N.C. App. 402, 404, 201 S.E. 2d 561, 562-563 (1974), we find: "As to contributory negligence of the plaintiff as a matter of law, a verdict may be directed on the basis of contributory negligence 'only when the plaintiff's evidence . . . so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference or conclusion can be drawn therefrom.' *Anderson v. Carter,* 272 N.C. 426, 429, 158 S.E. 2d 607, 609; *accord, Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47; *Miller v. Enzor,* 17 N.C. App. 510, 195 S.E. 2d 86, *cert. denied,* 283 N.C. 393, 196 S.E. 2d 276. In determining whether a directed verdict should be granted, the evidence must be viewed in the light most favorable to plaintiff. *Bowen v. Gardner, supra; Homes, Inc. v. Bryson,* 273 N.C. 84, 159 S.E. 2d 329. Contradictions and inconsistencies in plaintiff's evidence must be resolved in his favor. *Bowen v. Gardner, supra; Waycaster v. Sparks,* 267 N.C. 87, 147 S.E. 2d 535; *Carter v. Murray,* 7 N.C. App. 171, 171 S.E. 2d 810." So viewed, the evidence tends to show:

On 27 January 1969, plaintiff was engaged in the logging business, selling his logs to defendant. On the morning of that day, plaintiff's son loaded twenty to twenty-two logs in pyramid fashion onto a specially designed ten-wheel Chevrolet truck. The logs were loaded on bolsters on top of the chassis. These bolsters were six inches high with a two-inch thick piece of oak

on top of each. Extending upward from the bolsters were standards, approximately four feet in length, to contain the logs. The logs, on the day in question, were stacked in such manner that the top two layers were higher than the standards but were secured by chains. Two chains, twenty-two feet in length, were used to encircle the logs but not the chassis. A chain was placed behind each bolster and the ends fastened together on the right-hand side of the truck by a steel binder. That morning, plaintiff drove to the defendant's mill in Lewiston, first stopping at scales to get his truck weighed and then going to the unloading deck. Plaintiff stopped at the deck, got out of his truck, went around the front and proceeded to the back right-hand side to release the back chain. After throwing one end of the chain over the logs, he pulled it under the logs and placed it in a box built into the chassis behind the front bolster.

At this point a Mr. Wrightson approached plaintiff and asked him to measure some of the logs on the truck. This they did on the left-hand side of the truck. As plaintiff finished measuring the logs, Jasper Taylor, employee of defendant, turned his Pettibone unloader from the job he had just completed to plaintiff's truck so that plaintiff had to run out of his way. Plaintiff, in so doing, threw up his hand and said, "Stop." The machine did stop about eighteen inches from the truck.

Plaintiff, then on the left-hand side, walked around the truck, released the binder of the remaining front chain, threw the free end over and started pulling the chain under the logs and gathering it. At this point, Taylor activated the unloader, ramming the forks of the machine under the logs causing the uppermost logs to fall off the truck and strike plaintiff.

The evidence does not compel the conclusion that plaintiff was negligent, therefore, this assignment of error is overruled.

[2] Defendant's second assignment to various parts of the charge contains three contentions. The first two clearly are without merit. Defendant's third contention is that the court erred in refusing to give a requested instruction to the effect that plaintiff could not recover for future consequences of his injury. This contention is based upon the lack of any medical testimony that plaintiff was under any continuing disability. This is true and, in fact, there is *no* evidence of a continuing disability. The trial court correctly instructed upon recovery for loss of earnings or loss of capacity to earn, fair and reasonable value of

medical expenses, and pain and suffering. See *King v. Britt,* 267 N.C. 594, 148 S.E. 2d 594 (1966). While it would not have been improper to charge that no future damages could be awarded, such a charge was not necessary since all the evidence was of past injury.

No error.

Chief Judge BROCK and Judge BALEY concur.