NOAH H. KEY AND BURLENE KEY MOORE, ADMINISTRATORS OF THE ESTATE OF ASTOR COLON KEY v. MERRITT-HOLLAND WELDING SUPPLIES, INC.

No. 6920SC370

(Filed 13 August 1969)

1. Witnesses § 8— cross-examination — skid marks

In this action for wrongful death arising out of a collision between two trucks, the trial court did not err in allowing defense counsel to cross-examine plaintiffs' witness, who had testified at length concerning marks on the highway which led to defendant's truck, as to whether the marks were "just tire marks and not black skid marks," it being appropriate for the witness to be cross-examined as to the lightness or darkness of the marks.

**2. Witnesses § 9— limiting redirect examination — repetitious testimony**

In this action for wrongful death arising out of a motor vehicle collision, the trial court did not err in limiting plaintiffs' redirect examination of the investigating officer concerning marks on the road at the accident scene where the officer had exhaustively described the marks on direct examination. ·

**3. Trial § 38— tendered instructions given in substance**

In this wrongful death action, the trial court did not err in failing to give tendered instructions exactly as requested where the requested instructions were given in substance.

APPEAL by plaintiffs from *Exum, J.*, 20 January 1969 Session, MOORE Superior Court.

This is a civil action instituted by the administrators of the estate of the deceased for damages for the wrongful death of their intestate. Plaintiffs allege that defendant's agent was negligent in the operation of defendant's truck, and that such negligence was the proximate cause of the death of their intestate. Defendant's agent is not a party. Defendant answered, denying negligence, and in the alternative alleging that plaintiffs' intestate was negligent and that his negligence was one of the proximate causes of his death.

The evidence tends to show the following. Plaintiffs' intestate was driving a truck loaded with coal, traveling east on Highway 27 between Robbins and Carthage in Moore County. At a point approximately five miles east of Robbins a dirt road (# 1493) intersects Highway 27 from the north. Plaintiffs' intestate was in the process of delivering a load of coal to a customer who lived on the dirt road (# 1493) and was in the act of turning to his left from Highway 27 into the dirt road (# 1493) when the collision in question occurred. Defendant's truck was being operated by its agent, also traveling east on Highway 27 between Robbins and Carthage. As defendant's truck overtook the truck being operated by plaintiffs' intestate, defendant's truck was undertaking to pass and plaintiffs' intestate was undertaking to make a left turn into the dirt road (# 1493). Defendant's truck struck the left side of the truck being operated by plaintiffs' intestate, and plaintiffs' intestate died as a result of the injuries received in the collision.

There was considerable controversy over the· speed of defendant's truck, over the length of skid marks, and over whether plaintiffs' intestate gave a signal of his intention to turn. Issues of negligence and contributory negligence were submitted to and both answered by the jury in the affirmative. Plaintiffs appealed.

*Dock G. Smith, Jr., and John Randolph Ingram, by John Randolph Ingram, for plaintiffs-appellants.*

*Pittman, Staton & Betts, by J. C. Pittman, for defendant appellee.*

BROCK, J.

**[1, 2]** Plaintiffs assign as error that the trial judge allowed defense counsel to cross-examine plaintiffs' witness (the investigating State Trooper) concerning whether the marks on the highway were "just tire marks and not black skid marks." On direct examination the witness had testified at length concerning the marks on the highway which led to defendant's truck, and it was appropriate for the witness to be cross-examined concerning the lightness or darkness of the marks. Plaintiffs further assign as error that they were limited in their redirect examination of the investigating officer concerning the marks on the road. The officer had just responded to questions by counsel for plaintiffs that "they were black marks" made by defendant's truck. It seems to us that the trial judge had already allowed plaintiffs' counsel wide latitude in examining this witness, and that the marks on the highway had been exhaustively described. "The trial court may properly sustain objection to a question asked on redirect examination which is merely repetitious and directed to matter fully testified to by the witness on his direct examination, however proper the matter may have been in the first instance." 7 Strong, N.C. Index 2d, Witnesses, § 9, p. 706. Plaintiffs' assignment of error No. 1 is overruled.

**[3]** Plaintiffs next assign as error that the trial court failed to give the tendered instructions exactly as requested. The requested instructions were given in substance. The litigants are not entitled to determine the exact sequence of the charge to the jury, and are not entitled to have the trial judge use the words and expressions as formulated by the litigant. The trial judge functions under the mandate of G.S. 1-180, and a compliance with this statute gives to the jury instructions which are designed to be fair to both sides. Plaintiffs' assignment of error No. 2 is overruled.

Plaintiffs' assignments of error numbers 3 through 15 are directed to the charge of the court to the jury. We have carefully reviewed the pleadings, the evidence, and the charge and we hold that the case was submitted to the jury under proper explanations of the applicable principles of law. Plaintiffs' assignments of error to the charge are feckless and we do not discuss them either collectively or seriatim. Assignments of error numbers 3 through 15 are overruled.

Plaintiffs' assignments of error numbers 16 and 17, are formal, and, in view of what has heretofore been said, they are overruled.

In the trial we find no error prejudicial to plaintiffs. The jury has found the facts contrary to plaintiffs' contentions, but they have nevertheless been resolved according to law.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.