Allen v. Foreman

---

ANNIE GENEVA ALLEN, ADMINISTRATRIX OF HAYWOOD L. ALLEN, JR., DECEASED v. CLAY BERTRAND FOREMAN, JR., AND FOREMAN'S, INC.

No. 731SC333

(Filed 13 June 1973)

**Automobiles § 63— striking child who ran from behind bridge — absence of negligence**

Plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendant's negligence in striking a three-year-old child where it tended to show that the child had been standing with his father on ground four or five feet lower than the roadway, that the child suddenly ran into the roadway from behind the end of a 33-foot bridge farthest from defendant's approaching vehicle, that defendant was approximately 100 feet from the child when he first saw him and defendant immediately applied his brakes, that defendant was traveling 50 to 55 mph in a 60 mph zone, and that defendant never left his appropriate lane of travel.

APPEAL by plaintiff from *Cowper, Judge,* 11 December 1972 Session of Superior Court held in CAMDEN County.

Action to recover damages for the wrongful death of plaintiff's intestate, a boy three years and five months old, who died as a result of injuries sustained when he came into contact with a 1967 model automobile driven by defendant Clay Foreman on 18 June 1969 at about 5:30 p.m.

Defendants' motion for a directed verdict, made at the close of plaintiff's evidence, was allowed.

*John T. Chaffin for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal & Riley by L. P. Hornthal, Jr., for defendant appellees.*

VAUGHN, Judge.

The only question is the sufficiency of plaintiff's evidence to withstand defendants' motion.

The parties made the following pertinent stipulation. The accident occurred at about 5:30 p.m., during daylight hours, on 18 June 1969 at a point approximately 1.9 miles east of Belcross in Camden County, a few feet west of the west end of a low bridge on U.S. Highway #158. At the location in question, U.S. Highway #158 has an asphalt surface with two lanes of

travel which run generally in an east-west line. There are white lines painted at the north and south traveled edges of the highway and the width of the traveled portion of the highway between these lines is approximately nineteen feet. There is a painted broken center line on the highway at this locale. Highway #158 is straight and generally level for a mile in each direction from the bridge in question. There is a canal on each side of the roadway "for a considerable distance" and the surrounding countryside is generally swampy, wooded and uninhabited, with the nearest house located approximately one-half mile away. The shoulders of the road vary in width from ten to fifteen feet and slope downward from the paved portion of the highway to the edge of the canal on the south a distance of from "about four to five feet" and a distance of approximately six feet to the canal on the north. Deceased was approximately three feet tall. The bridge at the location in question is approximately thirty-three feet long and there is a paved shoulder or margin on each side of the highway measuring five feet in width between the bridge railings and the painted white line at the edge of the traveled portion of the highway. The bridge railings are approximately two feet four inches high. Abutting the eastern and western ends of each bridge railing is a sign painted with black and white diagonal stripes and measuring approximately four feet in height and twelve inches in width. The speed limit in the accident locale was 60 miles per hour on the date in question and there were no other traffic signs or signals in the area. The weather was fair and clear and the road was dry. Defendant Foreman was operating an automobile in the westbound lane of U. S. Highway # 158 traveling in a westerly direction. The automobile was owned by defendant Foreman's, Inc. and Foreman was acting as an agent for the corporation and within scope of such agency at the time in question.

In addition to these stipulations, plaintiff introduced evidence which tended, in pertinent part, to show the following. Deceased, Haywood L. Allen, Jr., accompanied his father, his uncle and his six-year-old stepbrother to a fishing area at the bridge on U. S. Highway # 158. When they first arrived, all four went down an embankment to the edge of the canal on the north side of the road and began to fish. After dividing the bait, deceased's father and deceased crossed the highway and descended the embankment on the south side of the road, leaving their two companions on the north side. The father testified

Allen v. Foreman

that from their new location on the south side of the highway and approximately four or five feet below the roadway, he could get a clear view of automobiles on the highway only if they were at least four or five hundred feet from his location. Father and son fished with the son catching three catfish. Deceased's father testified that as he removed the third catch from his son's hook, he heard brakes and "tires squall" and "when I looked up I saw my son running on the road away from me." Defendant's automobile was estimated to be eight feet away from the child when the father first saw it. At the time of impact, the child was approximately five feet west of the west end of the bridge and two or three feet south of the north edge of the traveled portion of the roadway. The boy's uncle testified that defendant's automobile "was going West and Haywood Allen, Jr., was crossing from South going to the North side of the road." The deposition of defendant Clay Foreman was introduced into evidence by plaintiff and it contained the only estimate of the speed of defendant's vehicle. Defendant estimated his speed as approximately 50 or 55 miles per hour when he first saw "something that darted out from behind that post along there." The physical evidence at the scene tended to corroborate this estimate and to show that defendant never left his appropriate lane of travel. Defendant stated he was approximately 100 feet from the child when he first saw him and he immediately grabbed the steering wheel and applied the brakes.

The case of *Jones v. Johnson*, 267 N.C. 656, 148 S.E. 2d 583, an action to recover for the wrongful death of plaintiff's intestate, a six-year-old boy who was struck and killed by an automobile while crossing the highway, was characterized by the North Carolina Supreme Court as "a borderline case." In reversing a judgment of nonsuit, the Court noted that the defendant motorist saw the child to her left side of the road as she approached the scene and that there was no evidence that defendant decreased her speed or blew her horn at that time. There was evidence that defendant did not apply her brakes until the child ran into the highway. Defendant's automobile then skidded 150 feet to the point of impact and continued to skid for an additional 45 feet before coming to rest in a ditch on the right side of the road. The Court appears to have relied on the settled principle of law that the presence of a child on or near the traveled portion of a highway whom a driver sees, or should see, places that driver under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant

lookout to avoid injury. A similar result was reached in *Capps v. Dillard,* 11 N.C. App. 570, 181 S.E. 2d 739, where there was sufficient evidence to permit the jury to find that a three-year-old child was standing in the street in such a position and for such a length of time as to put a reasonably careful motorist on notice of his presence, and, with such notice, the motorist has a duty to exercise reasonable care to avoid injury to that child.

It is equally settled that ". . . when a child, without warning, darts from behind another vehicle into the path of a motorist who is observing the rules of the road with respect to speed, control, and traffic lanes, and who is maintaining a proper lookout, the resulting injury is not actionable." *Brinson v. Mabry,* 251 N.C. 435, 438-439, 111 S.E. 2d 540. In that case, two children were standing on the west side of a highway at an unmarked crossing known by defendant to be a crossing place. Defendant was traveling north and two vehicles, traveling south, passed the children and obstructed defendant's view of them. As the two cars passed, one child ran into the street to pick up an object, was warned of the approaching vehicle by the other child, ran on across towards the east side of the street and was struck by defendant's vehicle. All the evidence indicated that defendant was not traveling at an excessive speed and did not depart from his lane of travel. The Court stated that under these circumstances the cause should not be submitted to the jury.

In *Rountree v. Fountain,* 203 N.C. 381, 166 S.E. 329, the evidence was to the effect that defendant backed his truck into an alley and ran over a four-year-old child. The absence of a showing of the length of time that the child was in the alley, or that the defendant could or should have seen him in time to avoid the injury, led only to conjecture as to whether the child was there long enough to be seen or whether he dashed suddenly into the path of the truck. A judgment of nonsuit was affirmed.

The present case is distinguishable from the situation presented in *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845, in which it was held that defendant motorist could have used "a mere flick of the wrist" in order to avoid inflicting fatal injuries upon plaintiff's intestate. Evidence in the Exum case indicated that defendant saw, or should have seen, a clearly lighted, disabled vehicle parked on the shoulder close to the edge of the roadway while still 200 yards away, yet defendant took no precaution to avoid injury to anyone who might be in the area.

Defendant struck plaintiff's intestate who was attempting to change the left rear tire of his vehicle while it was parked so close to the edge of the pavement that deceased's body projected over a portion of the roadway. A new trial was ordered for, among other reasons, the failure of the trial judge to submit the issue of "last clear chance" to the jury. In the present case, the deceased, a child three feet tall, was standing in a place of safety with his father on ground four or five feet lower than the level of the roadway and there was a thirty-three feet long bridge with railings two feet four inches high between the original location of the child and the approaching motorist. All of the evidence is consistent in indicating that the child suddenly ran into the roadway from behind the end of the bridge farthest from the approaching vehicle.

One who acts in an emergency not of his own making is held liable only for failure to take the measures which a reasonably prudent man, faced with a like emergency, would have taken. *Sink v. Moore* and *Hall v. Moore,* 267 N.C. 344, 148 S.E. 2d 265. In that case, defendant motorist was approaching a "T" intersection, proceeding along the top of the "T," when he observed a young boy, riding a bicycle and followed by a running dog, approaching the same intersection from the motorist's left. The cyclist failed to obey a stop sign and ran through the intersection. In an effort to avoid a collision, the defendant drove to his right, off of the paved roadway, but the cyclist struck the left door of the automobile near the windshield. The defendant was held to have been acting in an emergency not created by his own conduct, there being no evidence of speed in excess of that warranted by conditions and no reason for him to believe the dog was chasing the bicycle or that the cyclist would neither stop nor turn at the intersection. "In such a situation [defendant] is not required to exercise precautions which calm, detached hindsight suggests might have been taken. He may not be held liable for failure to take those measures unless it can be said that a reasonable man faced with a like emergency would have done so." *Sink v. Moore* and *Hall v. Moore, supra,* page 352.

We hold that the evidence, when evaluated in the light most favorable to plaintiff and when plaintiff is given the benefit of every reasonable inference which may be drawn therefrom and with all contradictions, conflicts and inconsistencies resolved in plaintiff's favor, is insufficient to support a finding of action-

able negligence on the part of defendant and is insufficient to survive defendant's motion for a directed verdict.

Affirmed.

Judges CAMPBELL and PARKER concur.