TROY ANDERSON, ADMINISTRATOR OF THE ESTATE OF WILLIAM RUSSELL ANDERSON, DECEASED v. ADDIE EDWARDS SMITH

No. 753SC677

(Filed 7 April 1976)

1. Trial § 38— requested instructions given in substance — no error

The trial court in a wrongful death action did not err in failing to charge the jury in accordance with plaintiff's request for instructions as to the duty the law imposes upon a motorist who sees, or by the exercise of reasonable care should see, children on or near the highway, since the court's instructions were in essence those requested by plaintiff.

Anderson v. Smith

2. **Automobiles §§ 63, 90— darting child — instruction proper**

The trial court in a wrongful death action did not err in instructing the jury with respect to a child darting from a place of concealment into the path of a motorist since there was evidence in this case from which the jury could find that the child came from behind an obstruction, bushes and briers growing in a ditch, and moved onto the road in front of defendant's oncoming automobile so suddenly that defendant could not stop or otherwise avoid injuring the child.

3. **Automobiles § 63— striking child — failure to sound horn — directed verdict or judgment n.o.v. improper**

In an action for wrongful death of a child resulting from defendant's allegedly negligent operation of her automobile, plaintiff was not entitled to directed verdict or judgment n.o.v. on the ground that defendant's own testimony indicated that she failed to sound her horn after observing children near the highway, since such testimony merely provided the jury with an additional circumstance to be evaluated by them in determining whether defendant was guilty of any negligence which was the proximate cause of the child's death.

APPEAL by plaintiff from *James, Judge.* Judgment entered 14 March 1975 in Superior Court, PITT County. Heard in the Court of Appeals 19 November 1975.

Civil action for wrongful death of a child. Plaintiff alleged and defendant denied that the child's death was proximately caused by defendant's negligence in operating her automobile.

The parties stipulated that the child was born 15 February 1969 and that he died as a result of injuries received 22 January 1974 when he was struck by an automobile operated by defendant on Rural Paved Road No. 1529. There was evidence that at the scene of the accident the road was straight and level, ran east and west, was paved to a width of 16 feet 10 inches, and had on the north side a dirt shoulder 10 feet 8 inches wide between the edge of the pavement and a ditch. The house in which the child lived was on the south side of the road. Across the road from the house and north of the ditch was a pasture. The accident occurred shortly after 5 p.m. The weather was clear and the sun was shining.

Plaintiff's evidence showed: Shortly before the accident the child was playing with four children in the yard of his house on the south side of the road. He crossed the road and was seen in the pasture on the north side of the road. His mother stepped to the porch of the house to call him back. Before she could do so, he "started running kinda' slanting across the road." Defendant's car was approaching from the east and

"it looked like it was running some kinda' fast." The car braked and skidded but struck the child in the middle of the road, killing him instantly. The car left skid marks of 67 feet. Defendant did not blow her horn prior to striking the child.

Defendant's evidence showed: As she was driving west on the road at approximately 40 miles per hour and when she was about 200 feet from the house, she saw some children standing on the left of the road in the yard of the house. She took her foot off the accelerator and slowed down. She didn't see anybody on the right-hand side of the road until she was about 100 feet away, when she first saw the child. When she first saw him, he was part crawling and part walking out of the ditch on her right. She put on her brakes and tried to stop. The child came on across the road, and she "went to stopping" as hard as she could. She did not blow her horn; she did not have time. She had her mind all on stopping and did all she could to stop. She stopped as she hit the child.

There was also evidence that the ditch out of which the child came was about 4 to 5 feet deep, had sloping sides, and was grown up with briers and bushes. One of defendant's witnesses described the growth on the ditch banks as extending a little above the shoulder of the highway.

The jury answered the first issue "No," finding that the child's death was not caused by negligence of defendant. From judgment that plaintiff recover nothing of defendant, plaintiff appealed.

*James, Hite, Cavendish & Blount by Robert D. Rouse III for plaintiff appellant.*

*Gaylord, Singleton & McNally by Louis W. Gaylord, Jr., and Phillip R. Dixon for defendant appellee.*

PARKER, Judge.

[1] Plaintiff first assigns as error that the court failed to charge the jury in accordance with plaintiff's request for instructions as to the duty the law imposes upon a motorist who sees, or by the exercise of reasonable care should see, children on or near the highway. Although the court did not instruct the jury in the exact language requested, plaintiff concedes that the court gave similar instructions, and comparison reveals that the instructions given were in essence those requested. A litigant

is not entitled to have the trial judge instruct the jury in the exact words formulated by the litigant, *Key v. Welding Supplies, Inc.*, 5 N.C. App. 654, 169 S.E. 2d 27 (1969), "it being sufficient if the pertinent and applicable instructions requested are given substantially in the charge." 7 Strong, N. C. Index 2nd, Trial § 38, p. 348. This was done in the present case .

In the present case the court instructed the jury as follows:

"A motorist who sees or by the exercise of reasonable care should see a child on or near the highway, must recognize that children have less discretion than do grown persons—adults—and that they may sometimes run into the road or across the path of the motorist.

Therefore, under our law, due care requires the motorist to maintain a vigilant outlook to give a timely warning of his approach, and to drive at such speed and in such a manner that he or she can control the vehicle, if a child or in the event a child, in obedience to some childish impulse, should attempt to cross the road or highway in front of the vehicle."

This instruction contains the substance of the instruction requested by the plaintiff and is a correct formulation of the applicable law as long established in this State. "It has long been the rule in this State that the presence of children on or near a highway is a warning signal to a motorist, who must bear in mind that they have less capacity to shun danger than adults and are prone to act on impulse. Therefore, 'the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury.'" *Winters v. Burch*, 284 N.C. 205, 209, 200 S.E. 2d 55, 57 (1973). We find no merit in plaintiff's first assignment of error.

[2] Plaintiff's second assignment of error, based on his Exceptions 7 and 8, calls in question 2 portions of the court's charge to the jury. In the portion which is the subject of Exception No. 7, the court instructed the jury in substance that whether a motorist acted as a reasonably careful and prudent person would act is a factual question to be determined in the light of all relevant circumstances, including "whether the child came quickly into or darted out from a place of concealment or some place in which he was not easily seen." In the portion of

the charge which is the subject of Exception No. 8, the court instructed the jury as follows:

> "Accordingly, if a driver is proceeding along a highway in a lawful manner, using ordinary and reasonable caution for the safety of others, including children, that motorist will not be held liable for striking a child whose presence on the highway could not reasonably be foreseen. Under ordinary circumstances, a motorist is not required to anticipate the appearance of a child in the pathway of the motorist from behind a parked vehicle or other obstructions, so suddenly that he cannot stop or otherwise avoid injuring the child."

Plaintiff contends that although such instructions might be proper in a typical "darting child" case in which a motorist had no other warning before the child suddenly appeared in his path, the giving of such instructions in this case constituted prejudicial error. He points to the evidence in this case that other children were present in the vicinity and that defendant acknowledged she had seen these children while she was yet 200 feet distant from the point where she struck the child. Plaintiff maintains that the presence of these other children in this case placed defendant under a greater than normal duty of care and that by their presence she was already on notice to anticipate unexpected movements by some child in the area. He also points to defendant's testimony that she had seen the child's head and back as he was "crawling" from the ditch as further distinguishing this from the typical "darting child" situation.

We find no error in the court's giving the instructions which are the subject of plaintiff's Exceptions 7 and 8. The evidence shows that the other children referred to were on the south side of the road, defendant's left side as she traveled westwardly on the highway. The evidence was that these children were in the yard of the house and there was no evidence they were on the shoulder of the road or close to the pavement. There was no evidence that they were moving toward the road. On the contrary, there was evidence that they were "standing quietly." The child who was struck suddenly emerged from the partially obscured ditch on the right-hand side of the road. Defendant first saw the child coming from the ditch on her right when she was only 100 feet away, and there was no evidence she could have seen him any earlier. There was evidence that when she first saw the children on her left she was traveling 40 miles

Anderson v. Smith

per hour, well within the speed limit. At that speed her car was moving just over 58 feet per second. Even if, as she testified, she took her foot from the accelerator and began to slow down as soon as she saw the children in the yard, there would have been only approximately two seconds time elapse before she traveled the additional 100 feet to the point where she could first see the child emerging from the ditch. Thus there was evidence in this case from which the jury could find that the child came from behind an obstruction and moved onto the road in front of defendant's oncoming automobile so suddenly that defendant could not stop or otherwise avoid injuring the child. In our opinion the instructions given by the court to which plaintiff now excepts, when read contextually with the remainder of the charge, correctly applied the law arising on the evidence in this case. See: *Allen v. Foreman,* 18 N.C. App. 383, 197 S.E. 2d 32 (1973). Plaintiff's second assignment of error is overruled.

[3] Plaintiff's third and fourth assignments of error are directed to the court's refusal to grant his motions for a directed verdict on the first issue of negligence and for judgment notwithstanding the verdict. Plaintiff contends these rulings were error "on the basis that defendant, by her own testimony, specifically testified that she saw small children on or near the highway at a distance of 200 feet and from such time that she first observed small children, she failed to give a timely warning of her approach by sounding her horn." We do not agree. In the first place, defendant did not testify that she saw small children *on* the highway; she testified that she saw them "on the left of the road, in the yard of Mrs. Anderson's house." There was other evidence which placed these children in the yard of the house at distances from 21 to 30 feet from the highway, and there was no evidence that any child other than the child who was killed was on the highway at the time defendant's car was approaching. Defendant's testimony that she did not sound her horn merely provided the jury with an additional circumstance to be evaluated by them in determining whether defendant was guilty of any negligence which was the proximate cause of the child's death. Clearly, the evidence here was not such as to require a directed verdict in favor of the plaintiff, who carried the burden of proof. We find no error in denial of plaintiff's motions for a directed verdict or for judgment notwithstanding the verdict on the first issue.

Finally, plaintiff contends the court erred in not setting aside the verdict as being contrary to the weight of the evidence. "A motion to set aside the verdict as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, and its ruling thereon will not be reviewed in the absence of a showing of abuse." *Chalmers v. Womack,* 269 N.C. 433, 437, 152 S.E. 2d 505, 508 (1967). No abuse of discretion has been shown.

No error.

Judges HEDRICK and ARNOLD concur.