JOHNNY EUGENE ADKINS, BY HIS GUARDIAN AD LITEM DENZEL G. ADKINS v.
DAVID COLEMAN CARTER

No. 7823SC186

(Filed 6 March 1979)

Automobiles § 69— striking child on bicycle—keeping proper lookout—directed
verdict for motorist improper

> In an action to recover for injuries sustained by the minor plaintiff when
> he was struck by defendant motorist, the trial court erred in granting defend-
> ant's motion for directed verdict where the evidence would permit but not
> compel the jury to find that defendant could have seen the child either as he
> stopped his bicycle near the end of his driveway or as he entered the roadway
> had defendant maintained a proper lookout.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered
15 November 1977 in Superior Court, YADKIN County. Heard in
the Court of Appeals 28 November 1978.

Plaintiff instituted this action to recover damages for injuries
received when the defendant's truck struck the plaintiff. The
evidence at trial tended to show that the plaintiff, age 11, lived
with his family on the east side of a rural paved road which runs
north and south. On 4 July 1975, plaintiff was going to the
Longtown Grocery Store located on the highway south of his
home. He headed out the driveway on his bicycle, stopped "pretty
close to the road," and looked both ways. When he looked to the
left, the road was clear and he could see up to a curve in the road,
a distance of two-tenths of a mile. He entered the road, crossed
the center line and was heading south when he was struck by
defendant's truck which was traveling north.

The highway patrolman who investigated the accident
testified that the truck made eighty-five feet of skid marks begin-
ning near the center line and veering left onto the western
shoulder. Sixty-five feet of those skid marks were on the western
shoulder. The skid marks led up to bloodstains and broken glass
which were on the western edge of the southbound lane. The
bloodstains were slightly north of the driveway entrance. The
truck was twenty feet beyond the bloodstains. The speed limit at
the site of the accident was 55 m.p.h. The road is straight for
about two-tenths of a mile south from plaintiff's driveway. The
paved roadway is eighteen feet wide with shoulders of about six
feet on each side.

The plaintiff's father testified that when he arrived at the scene the defendant told him that "he didn't see the boy. He didn't aim to hit him." The plaintiff's father also testified that one could clearly see down the road from the driveway to the curve.

At the close of the plaintiff's evidence, the court granted the defendant's motion for a directed verdict on the grounds that the evidence failed to establish any actionable negligence on the part of the defendant. The court denied defendant's alternative motion for a directed verdict on the basis that the evidence established contributory negligence of the plaintiff as a matter of law. From this judgment, plaintiff appealed.

*Moore & Willardson, by Larry S. Moore, John S. Willardson and Robert P. Laney, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by William F. Womble, Jr., and Keith W. Vaughan, for defendant appellant.*

VAUGHN, Judge.

Plaintiff contends that the court erred in granting defendant's motion for a directed verdict. Upon defendant's motion for a directed verdict, the evidence must be taken as true and reviewed in the light most favorable to the plaintiff. *Adler v. Lumber Mutual Fire Insurance Co.,* 280 N.C. 146, 185 S.E. 2d 144 (1971). "When so considered, the motion should be allowed if, *as a matter of law,* the evidence is insufficient to justify a verdict for the plaintiff." *Adler v. Lumber Mutual Fire Insurance Co., supra,* at 148. Taking the evidence in the light most favorable to the plaintiff, we believe he presented sufficient evidence to send the case to the jury. We, therefore, reverse.

Motorists are required, by law, to maintain a proper lookout in the direction of travel. *Hamilton v. McCash,* 257 N.C. 611, 127 S.E. 2d 214 (1962). A motorist is deemed to have seen what he could have seen had he been maintaining a proper lookout. *Miller v. Enzor,* 17 N.C. App. 510, 195 S.E. 2d 86, *cert. den.,* 283 N.C. 393, 196 S.E. 2d 276 (1973). His liability, therefore, is determined on the basis of whether, upon knowing of the existing conditions, he could have avoided the accident. *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38 (1965). Furthermore, " 'the presence of children on or near the traveled portion of a highway whom a driver sees, or

should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury.'" *Winters v. Burch*, 284 N.C. 205, 209, 200 S.E. 2d 55, 57 (1973), (*quoting Brinson v. Mabry*, 251 N.C. 435, 438, 111 S.E. 2d 540, 543 (1959)).

As Justice (later Chief Justice) Parker said in *Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 234 (1962),

> "This is a borderline case, but considering the evidence in the light most favorable to plaintiff, it is our opinion that it would permit, but not compel, a jury finding that the . . . defendant was negligent in operating [his truck] without keeping a proper lookout, that such negligence made it impossible for [him] to avoid the collision with the child, when by the exercise of due care [he] could and should have seen the child in time to avoid striking him. . . ."

The evidence would permit but not compel the jury to find that defendant could have seen the child either as he stopped near the end of the driveway or as he entered the roadway. He was then under a duty to proceed with caution to avoid striking the child if the child entered the roadway.

A directed verdict based on contributory negligence of the eleven-year-old child would also have been improper. There is a rebuttable presumption that children between the ages of seven and fourteen are incapable of contributory negligence. Thus, a child within this age bracket may not ordinarily have been, as a matter of law, contributorily negligent. *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974).

The judgment is reversed, and the case is remanded.

Reversed and remanded.

Judges HEDRICK and ARNOLD concur.