JON HARPER DORSEY by his GUARDIAN AD LITEM, RONALD S. DORSEY v. MICHAEL DENNIS BUCHANAN and H. O. FAULKNER & SON, INC.

No. 809SC978

(Filed 16 June 1981)

**Automobiles § 63.2— child on bicycle—no negligence of truck driver**

　　In an action to recover for personal injuries sustained in a collision between the minor plaintiff's bicycle and an oil truck driven by one defendant and owned by the other defendant, the trial court properly granted defendants' motions for directed verdict where the evidence tended to show that defendant driver had no opportunity to observe the minor plaintiff in a position of imminent danger of being hit by the truck in that the truck was being driven slowly at the time of the collision so that defendant was able to bring it to a complete stop after traveling only two feet following the collision; at the time the minor plaintiff began his journey down his driveway, he was fifty feet from the edge of the street; defendant was driving on the far side of the street from the driveway, thus putting another ten feet between the truck and the point of origin of the plaintiff's journey; the driver's view of the lower portion of the driveway was partially obstructed by a parked car; and the minor plaintiff collided with the truck, not vice versa, and only after the truck had almost completely passed the minor plaintiff's driveway.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 19 June 1980 in Superior Court, VANCE County. Heard in the Court of Appeals 9 April 1981.

In this action for damages, the minor plaintiff, Jon Harper Dorsey, (Jon) seeks to recover for personal injuries sustained in a collision between Jon's bicycle and an oil truck owned by defendant Faulkner & Sons, Inc. and being driven by defendant Buchanan. At the close of the plaintiff's evidence, the trial court granted defendants' motions for a directed verdict, from which judgment plaintiff has appealed.

At the trial, plaintiff offered evidence which tended to show that Jon lives at the home of his parents on Oak Street in Henderson. Oak Street, running east to west, intersects at a right angle with Cypress Drive. The Dorsey home is approximately 208 feet from that intersection on the north side of Oak Street. Birch Circle enters Oak Street from the south almost directly across Oak Street from the Dorsey home. The Johnson family home is on the corner of Oak Street and Birch Circle, almost directly across the street from the Dorsey driveway. On the afternoon of the collision, Jon was riding his bicycle in the area, with friends, going back and forth from the top of his driveway to Birch Circle. The distance from the top of the Dorsey driveway to the edge of Oak Street is fifty feet. At about 3:30 p.m., a car was parked on the north side of Oak Street partially in front of the Dorsey driveway, letting Lori Johnson off. As Jon was riding his bicycle up his driveway, he noticed the oil truck on Cypress Drive, but did not see it turn onto Oak Street. He rode on up the driveway, turned around and coasted slowly down the driveway. When he got to the bottom of the driveway, Jon saw the oil truck and ran into the side of the truck. Jon fell off his bike and the truck stopped with the left rear wheel on Jon's hand. When the driver started out of the truck, he noticed the wheel on Jon's hand and moved the truck so as to free Jon's hand. Defendant Buchanan was driving the truck along Oak Street, from west to east. The investigating police officer found the truck parked on the right or south side of Oak Street between Birch Circle and the Dorsey driveway. Oak Street is twenty-one feet wide at this point. From skid marks on the street, the police officer determined that the truck traveled two feet after impact. The cab of the truck is elevated at least as high as the top of a "standard" car. Defendant

Buchanan was familiar with Oak Street and the neighborhood, making approximately three trips a week along Oak Street. He did not see Jon until after the collision.

*Zollicoffer & Zollicoffer, by Robert K. Catherwood, for the plaintiff appellant.*

*Spears, Barnes, Baker & Hoof, by J. Bruce Hoof, for defendant appellees.*

WELLS, Judge.

Defendants' motions for a directed verdict at the close of plaintiff's evidence presented the question to the trial court for judgment and to us for review as to whether plaintiff's evidence was sufficient to justify a verdict in his favor.

On a motion by defendant for a directed verdict in a jury case, the court must consider the evidence in the light most favorable to the plaintiff and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. All the evidence which tends to support plaintiff's claim must be taken as true and viewed in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference which may be legitimately drawn therefrom. *Dickinson v. Pake*, 284 N.C. 576, 583, 201 S.E. 2d 897, 902 (1974); *Kelly v. Harvester Co.*, 278 N.C. 153, 158, 179 S.E. 2d 396, 398 (1971); Home Products Corp. v. Motor Freight, Inc., 46 N.C. App. 276, 277, 264 S.E. 2d 774, 775, *disc. rev. denied*, 300 N.C. 556, 270 S.E. 2d 105 (1980). A trial court should deny a defendant's motion for a directed verdict under G.S. 1A-1, Rule 50(a) when reviewing the evidence in the light most favorable to the plaintiff and giving plaintiff the benefit of all reasonable inferences, the court finds any evidence more than a scintilla to support plaintiff's *prima facie* case in all its constituent elements. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 638, 640, 272 S.E. 2d 357, 360 (1980).

Having reviewed plaintiff's evidence according to these rules, we find no evidence of negligence on the part of defendant Buchanan and hold that the trial court correctly granted defendants' motions.

We first note that speed is not at issue in this case. The parties stipulated that the truck was being driven "slowly" at the

time of the collision. The evidence presented by plaintiff at trial sheds further light on this aspect of the events by showing that buchanan was able to bring the truck to a complete stop after traveling only two feet following the collision. Plaintiff's sole contentions are that Buchanan, being familiar with the neighborhood, should have been on the lookout for children playing or riding near the street; that Buchanan could have and should have seen Jon approaching the street; and that his failure to see Jon and warn him of the truck's presence caused the collision. There are four circumstances which negate any such reasonable inference here. First, at the time Jon began his journey down the drive, he was fifty feet from the edge of the street. Second, Buchanan was driving on the far side of the street from the Dorsey driveway, putting another ten feet between the truck and the point of origin of Jon's journey. Third, Buchanan's view of the lower portion of the Dorsey driveway was partially obstructed by a parked car. The fourth and most compelling circumstance is that Jon collided with the truck, not vice versa, and only after the truck had almost completely passed the Dorsey driveway. Thus, the dispositive question here is whether Buchanan had an opportunity to observe Jon in a position of imminent danger of being hit by the truck. We hold that the answer to that question must be in the negative.

The opinion of our Supreme Court in *Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973) aptly and clearly states the rules which control our decision here:

> It has long been the rule in this State that the presence of children on or near a highway is a warning signal to a motorist, who must bear in mind that they have less capacity to shun danger than adults and are prone to act on impulse. Therefore, "the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury." [Citations omitted.]
>
> .  .  .  .
>
> "A motorist is not, however, an insurer of the safety of children in the street or highway; nor is he bound to anticipate the sudden appearance of children in his pathway

under ordinary circumstances. Accordingly, the mere occurrence of a collision between a motor vehicle and a minor on the street does not of itself establish the driver's negligence; and some evidence justifying men of ordinary reason and fairness in saying that the driver could have avoided the accident in the exercise of reasonable care must be shown. In the absence of such a situation, until an automobile driver has notice of presence or likelihood of children near line of travel, the rule as to the degree of care to be exercised as to children is the same as it is with respect to adults." [Citations omitted.]

284 N.C. at 209-10, 200 S.E. 2d at 57-58.

We hold that the evidence in this case does not allow the reasonable inference that defendant Buchanan could have avoided this collision in the exercise of reasonable care. *See, Colson v. Shaw*, 46 N.C. App. 402, 265 S.E. 2d 407 (1980), *reversed on other grounds*, 301 N.C. 838, 273 S.E. 2d 243 (1981).

Affirmed.

Judges VAUGHN and CLARK concur.