EMMETT BRUCE KOONCE, II, By His Guardian ad Litem, JOYCE KOONCE
SATTERFIELD v. ANNIE KITE MAY

No. 823SC47

(Filed 7 December 1982)

**Automobiles and Other Vehicles § 63.2— negligence in striking child in road—sufficiency of evidence**

      In an action to recover for injuries to the seven-year-old plaintiff when he was struck by defendant's automobile, the evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in failing to keep a proper lookout so as to have avoided striking plaintiff by stopping or taking evasive action where it tended to show that plaintiff, while playing with two friends, pedaled his "Green Machine" tricycle from a driveway into the street; when plaintiff was about three feet into the street, one of his playmates observed defendant's car about 60 feet away from the end of the driveway and approaching plaintiff at a speed of between 15 and 20 miles per hour; both of plaintiff's playmates shouted warnings to plaintiff, by which time he was about eight feet out into the street; plaintiff immediately took evasive action by turning his tricycle but was struck by the right front wheel of defendant's car; the line of vision between defendant and plaintiff was unobstructed and defendant could have seen plaintiff from a distance of 60 feet; defendant never saw plaintiff, his two playmates or anything green prior to the collision; defendant saw "something come out" and when she heard "a bump" she knew that she had hit something, but she did not know exactly what she had hit until she stopped her car and got out; defendant's car stopped about 12 to 18 feet beyond plaintiff's body; and there were no skid marks.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 1 October 1981 in PITT County Superior Court. Heard in the Court of Appeals 9 November 1982.

Plaintiff, Emmett Bruce Koonce, II, by his guardian *ad litem,* brought this action to recover for injuries allegedly caused by the negligence of defendant, Annie Kite May. Defendant's motion for directed verdict made at the close of plaintiff's evidence was denied. At the close of all the evidence, defendant renewed her motion for directed verdict, which motion the trial court allowed, dismissing plaintiff's action with prejudice. Plaintiff appealed.

*James, Hite, Cavendish & Blount, by Charles R. Hardee, for plaintiff-appellant.*

*Gaylord, Singleton & McNally, P.A., by L. W. Gaylord, Jr., and Vernon G. Snyder, III, for defendant-appellee.*

WELLS, Judge.

A motion by a defendant for a directed verdict under G.S. 1A-1, Rule 50(a) of the Rules of Civil Procedure tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. On such a motion, plaintiff's evidence must be taken as true and considered in the light most favorable to the plaintiff, giving plaintiff the benefit of every reasonable inference to be drawn therefrom. A directed verdict for the defendant is not properly allowed unless it appears as a matter of law that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981). If, when so viewed, the evidence is such that reasonable minds could differ as to whether the plaintiff is entitled to recover, a directed verdict should not be granted and the case should go to the jury. *Insurance Co. v. Cleaners*, 285 N.C. 583, 206 S.E. 2d 210 (1974). On such a motion made at the close of all the evidence, any of defendant's evidence which tends to contradict or refute plaintiff's evidence is not to be considered, but the plaintiff is entitled to the benefit of defendant's evidence which is favorable to plaintiff, *Overman v. Products Co.*, 30 N.C. App. 516, 227 S.E. 2d 159 (1976), or which tends to clarify plaintiff's case, *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774, *disc. review denied*, 300 N.C. 556, 270 S.E. 2d 105 (1980).

Plaintiff's evidence in this case, when tested by the foregoing rules, tends to show the following events and circumstances. Plaintiff, a seven and one-half year old child, while riding a "Green Machine" tricycle in the street, was injured when he was struck by an automobile operated by defendant. At about three o'clock in the afternoon, plaintiff was playing with Billy Hamilton and Jason Britt in the driveway of a residence located on Kirkland Drive. Plaintiff, trying to elude Billy Hamilton as the two engaged in a game of chase, pedaled his "Green Machine" out into Kirkland Drive. At the point in time when plaintiff was about three feet into the street, Hamilton, running out to the entrance of the driveway, observed defendant's car about sixty feet away from the end of the driveway, approaching plaintiff at a speed of between 15 and 20 miles per hour. Both of plaintiff's playmates,

having seen defendant's car, shouted warnings to plaintiff, by which time he was about eight feet out into the street. The plaintiff immediately took evasive action by turning his tricycle. Plaintiff was struck by the right front wheel of defendant's car, plaintiff's tricycle having come out of a driveway on defendant's right. At the time Hamilton first observed defendant's vehicle 60 feet from plaintiff, the line of vision between defendant and plaintiff was unobstructed and defendant could have seen plaintiff from a distance of 60 feet. After Hamilton first saw defendant's vehicle, approximately three seconds elapsed until the collision.

Defendant's evidence tended to show the following. Defendant's home is approximately one-tenth mile from the scene of the collision. Prior to the collision, defendant was traveling on Kirkland Drive at a speed well below the posted speed limit, on her way to pick up her children from school. She was glimpsing to the left and right, but never saw plaintiff, Britt, Hamilton or anything green. Defendant saw "something come out" and when she heard "a bump" she knew that she had hit something. Defendant was aware that "something darted out in front" of her vehicle and at the time she first observed anything in her path it was between 15 and 30 feet ahead of her vehicle. Defendant did not blow her horn because she was "trying to stop and get out of the way all at the same time." Defendant never knew exactly what she had hit until she stopped her car and got out. At this time, defendant's car was around 12 to 18 feet beyond plaintiff's body. There were no skid marks.

Defendant's motion for directed verdict was based on two grounds, first that plaintiff was contributorily negligent as a matter of law, and second that the evidence failed to show any negligence on the part of defendant. The trial court expressly denied the motion as based on the first asserted ground, and granted defendant's motion, concluding that "all the evidence taken in the light most favorable to plaintiff fails to show negligence on the part of the defendant." Thus, our inquiry is limited to whether the evidence presented would support a jury finding of negligence on the part of defendant.

Well settled rules of law apply to the negligence issues presented by the evidence in this case. There is abundant decisional precedent for the proposition that a driver otherwise exer-

cising reasonable care has no duty to foresee the sudden appearance of a child who darts out into a roadway. Generally, the rule is that the driver is not the insurer of the safety of children in the street, and that under ordinary circumstances he is not bound to anticipate children in his pathway; a driver has to have enough time to stop or to avoid a collision before his failure to do so can be actionable negligence. *See Winters v. Burch*, 284 N.C. 205, 200 S.E. 2d 55 (1973) (seven year old plaintiff on Big Wheelie tricycle did not show that defendant could have seen him in time to avoid collision); *Dixon v. Lilly*, 257 N.C. 228, 125 S.E. 2d 426 (1962) (ten year old boy darted from behind tree at night into side of truck—unavoidable accident); *Brewer v. Green*, 254 N.C. 615, 119 S.E. 2d 610 (1961) (six and one-half year old girl ran out in front of passing car when car was even with where she had been standing); *Brinson v. Mabry*, 251 N.C. 435, 111 S.E. 2d 540 (1959) (defendant had no reason to know seven year old girl might dart out and defendant not negligent with regard to speed, control, lanes or lookout); *Dorsey v. Buchanan*, 52 N.C. App. 597, 279 S.E. 2d 92 (1981) (child on bike came out of driveway and hit truck after it had almost completely passed the drive; no inference that collision could have been avoided with reasonable care); *Daniels v. Johnson*, 25 N.C. App. 68, 212 S.E. 2d 245 (1975) (eight year old plaintiff's proof failed to show that defendant could have seen him in time to avoid collision); *Burns v. Turner*, 21 N.C. App. 61, 203 S.E. 2d 328 (1974) (where defendant would have had to stop from 42 miles per hour in 30 feet, plaintiff had not shown that defendant could have avoided collision).

When a driver knows or should know, however, that there are children on or near a roadway, he has a duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury. *Brinson v. Mabry, supra.* Thus, in *Jones v. Johnson*, 267 N.C. 656, 148 S.E. 2d 583 (1966), where the defendant saw children playing on the roadside and failed to take any cautionary action until a child ran in front of her car, our Supreme Court held that the case was improperly taken from the jury when the trial court granted the defendant's motion for nonsuit. In *Waycaster v. Sparks*, 267 N.C. 87, 147 S.E. 2d 535 (1966), a seven year old child and other children had been playing in a yard which was partially obscured from the road by obstructions. On the other side of the road were children playing in an open field.

The child darted into the road in front of the defendant's vehicle which was traveling at 20 miles per hour. The defendant had no time to either sound his horn or apply his brakes before striking the child. Our Supreme Court held that the evidence was sufficient to require submission of the case to the jury.

The evidence in this case was sufficient to justify an inference that defendant could have seen that children were playing near the street in her direction of travel, both of plaintiff's playmates having seen defendant's car approaching. From such evidence, the jury could have reasonably found that defendant failed to see plaintiff when she was first able to and that had she seen him at that time, she could have avoided the collision by stopping or taking evasive action. From this evidence, the jury could reasonably have found that defendant was not keeping a proper lookout and that she never saw plaintiff until after the collision and that she failed to respond in any manner to plaintiff's presence in the street until after the collision. This case must be distinguished from the typical "darting child" case; there was evidence from which the jury could have concluded that plaintiff was in the street for a sufficient length of time to give defendant an opportunity to exercise due care to avoid colliding with him.

In such a case as this, we feel it appropriate to emphasize the procedural point that where the question of granting a directed verdict is a close one,

> the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial.

*Manganello v. Permastone, Inc., supra.*

The trial court erred in granting defendant's motion for a directed verdict and there must be a new trial.

Reversed and remanded.

Judges VAUGHN and WHICHARD concur.