TIMOTHY ALPHONSO WALLACE, MINOR, BY HIS GUARDIAN AD LITEM, BRUCE MAGERS, AND ERNEST WALLACE, JR., MINOR, BY HIS GUARDIAN AD LITEM, BRUCE MAGERS, LEE BENTON WALLACE AND SHIRLEY T. WALLACE v. CECIL TAYLOR EVANS

No. 8221SC170

(Filed 21 December 1982)

1. **Automobiles and Other Vehicles § 63.2— striking children on bicycle in road-way — sufficiency of evidence of negligence**

In an action to recover for injuries sustained by the minor plaintiffs when the bicycle they were riding was struck by defendant's vehicle, plaintiffs' evidence was sufficient to be submitted to the jury on the issue of defendant's negligence where it would permit a finding that defendant, in the exercise of a proper lookout, could have seen the minor plaintiffs from some 200 feet away as he approached the driveway from which they emerged into the road, and that by maintaining a proper lookout and exercising due care and caution thereafter, he could have averted the collision. G.S. 1A-1, Rule 50(b).

2. **Rules of Civil Procedure § 42— severance of damages and negligence issues — necessary findings by trial court**

In order for the trial court to exercise its discretion under G.S. 1A-1, Rule 42(b) to sever the negligence issue from the damages issue in an action to recover for injuries sustained by minor plaintiffs when they were struck by defendant's vehicle, it should enter findings and conclusions which clearly establish that severance is appropriate "in furtherance of convenience or to avoid prejudice."

APPEAL by plaintiffs from *Walker (H. H.), Judge.* Judgment entered 18 September 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 December 1982.

Plaintiffs Timothy Alphonso Wallace and Ernest Wallace, Jr., by their guardian *ad litem*, seek recovery for injuries allegedly caused by defendant's negligence. Plaintiffs Lee Benton Wallace and Shirley T. Wallace, parents of the minor plaintiffs, seek recovery for expenses they allegedly have incurred or will incur because of the injuries sustained by the minor plaintiffs.

From a directed verdict for defendant at the close of plaintiffs' evidence, plaintiffs appeal.

*Frye, Booth & Porter, by Leslie G. Frye, for plaintiff appellants.*

*Henson and Henson, by Perry C. Henson and Paul D. Coates, for defendant appellee.*

WHICHARD, Judge.

Settled principles establish that the purpose of a G.S. 1A-1, Rule 50(a) motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for plaintiffs; that in determining such a motion the evidence should be considered in the light most favorable to plaintiffs, and the plaintiffs should be given the benefit of all reasonable inferences; and that the motion should be denied if there is any evidence more than a scintilla to support plaintiffs' prima facie case in all its constituent elements. *Manganello v. Permastone, Inc.,* 291 N.C. 666, 670, 231 S.E. 2d 678, 680 (1977); *Koonce v. May,* 59 N.C. App. 633, 634, 298 S.E. 2d 69, 71 (1982); *Everhart v. LeBrun,* 52 N.C. App. 139, 141, 277 S.E. 2d 816, 818 (1981); *Hunt v. Montgomery Ward and Co.,* 49 N.C. App. 642, 644-45, 272 S.E. 2d 357, 359-60 (1980). The evidence for plaintiffs here, viewed, as required, pursuant to these principles, showed the following:

Plaintiff Ernest Wallace, Jr. (hereafter Ernest), age eleven, while riding a bicycle on which his brother, plaintiff Timothy Wallace (hereafter Timothy), age seven, was a passenger, was struck by a pickup truck operated by defendant. Both minor plaintiffs sustained serious injuries as a result of the collision, which occurred on a clear June day when Ernest drove the bicycle from a driveway onto the road on which defendant was operating his truck.

Defendant drove his truck at approximately twenty miles per hour in a westerly direction over the crest of a hill, from whence the road was "downgrade" in the direction of the driveway from which the minor plaintiffs emerged. The crest of the hill was approximately 200 feet from the driveway, and a path led from a wooded area onto the road at or near the crest of the hill.

When Ernest first looked up the road as he propelled the bicycle down the driveway, he did not see any approaching vehicles. He proceeded toward the road to a point past a bush, at which point he could see defendant's vehicle which was then at or near the path located approximately 200 feet from the driveway. Even though he saw defendant's vehicle he nevertheless proceeded into the road, because "it looked like [he] had enough time to turn around."

Timothy also observed defendant's vehicle after the minor plaintiffs passed the bush. He, too, first observed it when it was at or near the path located approximately 200 feet from the driveway. The view of the driveway from the point at which the path led from the wooded area onto the road was somewhat obscured by trees; but granting plaintiffs the benefit of all reasonable inferences, as required, defendant conceivably could have seen the minor plaintiffs when they passed the bush and were able to see defendant's vehicle some 200 feet from the point at which they entered the road.

Defendant's motion for directed verdict was based on two grounds—first, that plaintiffs had failed to offer evidence of any negligence on the part of defendant, and second, that plaintiff Ernest Wallace, Jr., was contributorily negligent as a matter of law. The court expressly granted the motion on the basis of absence of evidence of negligence on the part of defendant. Defendant's brief expressly states that he does not contend the evidence showed contributory negligence as a matter of law. Further, both minor plaintiffs were between the ages of seven and fourteen years; and "a child between the ages of seven and fourteen years may not be held guilty of contributory negligence as a matter of law." *Anderson v. Butler,* 284 N.C. 723, 731, 202 S.E. 2d 585, 590 (1974). *See also Adkins v. Carter,* 40 N.C. App. 258, 260, 252 S.E. 2d 268, 270 (1979); *Johnson v. Clay,* 38 N.C. App. 542, 546-47, 248 S.E. 2d 382, 385 (1978). Whether the evidence would support a jury finding of negligence on the part of defendant is thus the sole issue.

In *Koonce v. May, supra,* this Court reviewed the decisional precedents in cases similar to that here. On the basis of those precedents it concluded that evidence that playmates of plaintiff there observed the vehicle of defendant there about sixty feet away from the end of the driveway from which plaintiff had emerged into the street on which defendant's vehicle struck him sufficed to justify an inference that defendant could have seen that children were playing near the street in her direction of travel; and that the jury could reasonably have found therefrom that defendant, by maintaining a proper lookout, could have observed plaintiff in time to have avoided the collision by stopping or taking evasive action.

[1]   Reiteration here of the review of decisional precedents set forth in *Koonce* would serve no purpose. It will suffice to say that the evidence here permitted a finding of the possibility of observation of the minor plaintiffs by defendant from a distance of some 200 feet away, as opposed to sixty feet in *Koonce*, both minor plaintiffs having observed defendant's vehicle at this distance. From that evidence the jury here, like that in *Koonce*, "could have reasonably found that defendant failed to see [the minor] plaintiff[s] when [he] was first able to and that had [he] seen [them] at that time, [he] could have avoided the collision by stopping or taking evasive action." *Koonce*, 59 N.C. App. at 637, 298 S.E. 2d at 73. It "could reasonably have found that defendant was not keeping a proper lookout and that [he] never saw [the minor] plaintiff[s] until after the collision and that [he] failed to respond in any manner to [the minor] plaintiff[s'] presence in the street until after the collision." *Id.* There thus "was evidence from which the jury could have concluded that [the minor] plaintiff[s] [were] in the street for a sufficient length of time to give defendant an opportunity to exercise due care to avoid colliding with [them]." *Id.*

Justice (later Chief Justice) Parker once referred to a matter similar to this and *Koonce* as "a borderline case." *Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 234 (1962). Considering the evidence in the light most favorable to plaintiffs, however, we believe it would permit, but not compel, a finding that defendant, in the exercise of a proper lookout, could have seen the minor plaintiffs from some 200 feet away as he approached the driveway from which they emerged into the road; and that by maintaining a proper lookout and exercising due care and caution thereafter, he could have averted the collision. Defendant's motion for directed verdict thus was improperly granted.

As in *Koonce*, we again emphasize the following procedural point:

> Where the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party,

the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial.

*Manganello, supra,* 291 N.C. at 669-70, 231 S.E. 2d at 680.

[2]   Plaintiffs also assign error to allowance of defendant's oral motion at the pre-trial conference to sever the negligence issues from the damages issue and to limit trial to the negligence issues. Because the issue may arise upon retrial, we make the following observations:

G.S. 1A-1, Rule 42(b) provides: "The court may in furtherance of convenience or to avoid prejudice . . . upon timely motion order a separate trial . . . of any separate issue . . . or issues." "Whether . . . there should be severance rests in the sound discretion of the trial judge." *Insurance Co. v. Transfer, Inc.,* 14 N.C. App. 481, 484, 188 S.E. 2d 612, 614 (1972). *See also Board of Transportation v. Royster,* 40 N.C. App. 1, 5, 251 S.E. 2d 921, 924 (1979).

While severance is discretionary, the rule provides for exercise of that discretion only "in furtherance of convenience or to avoid prejudice." G.S. 1A-1, Rule 42(b). The comment to the rule indicates that it was enacted in view of "the multisided law suit made possible by these rules" for the purpose of "guard[ing] against the occasion where a suit of unmanageable size is thrust on the court." G.S. 1A-1, Rule 42(b) comment. That is not the situation presented here.

A commentary on the generally equivalent federal rule has noted the discretionary power to sever issues, but observed: "Nevertheless, a single trial generally tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary." 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice,* ¶ 42.03(1), pp. 42-37, -38 (2d ed. 1982).

Upon remand a single trial of the negligence and damages issues is recommended. If the court exercises its discretion to sever the issues, it should enter findings and conclusions which clearly establish that severance is appropriate "in furtherance of convenience or to avoid prejudice." G.S. 1A-1, Rule 42(b).

Reversed and remanded.

Judges VAUGHN and WELLS concur.