LANCE R. CUNNINGHAM AND WIFE, PAMELA H. CUNNINGHAM v. LOUISE
JOHNSON BROWN

No. 821SC570

(Filed 17 May 1983)

**Automobiles and Other Vehicles §§ 58.2, 80.2— collision with following
vehicle—negligence in turning—no contributory negligence as matter of law**

  In an action to recover for injuries sustained by plaintiffs when their
motorcycle struck defendant's car as it made a left turn across plaintiffs' lane
of travel as plaintiffs were passing a tractor-trailer, plaintiffs' evidence was
sufficient to permit the jury to find that defendant, in the exercise of a proper
lookout to see that her turn could be made in safety, could have seen plaintiffs
as they approached in the lane across which she was to turn, and by exercising
due care and caution thereafter could have averted the collision, where it tend-
ed to show that defendant was traveling ahead of plaintiffs and in the same
direction as plaintiffs; defendant's car was separated from plaintiffs' motor-
cycle by a tractor-trailer, and the parties could not see each other because of
the tractor-trailer; plaintiffs' motorcycle pulled into the left lane to pass the
tractor-trailer; and defendant's turning movement did not occur until plaintiffs'
motorcycle was located "up near the rear wheels of the tractor" or "close to
the front of the truck." Furthermore, plaintiffs' evidence was insufficient to
establish contributory negligence as a matter of law but presented a jury ques-
tion on that issue. G.S. 20-154(a) and (d).

APPEAL by plaintiffs from *Fountain, Judge.* Judgment
entered 10 March 1982 in Superior Court, DARE County. Heard in
the Court of Appeals 19 April 1983.

Plaintiffs appeal from a directed verdict for defendant in a
negligence action.

*Trimpi, Thompson & Nash, by C. Everett Thompson, for
plaintiff appellants.*

*Leroy, Wells, Shaw, Hornthal & Riley, by L. P. Hornthal, Jr.,
for defendant appellee.*

WHICHARD, Judge.

I.

Plaintiffs filed a complaint against defendant alleging the
following: Plaintiffs resided in Massachusetts and defendant re-
sided in North Carolina. On 9 September 1977 plaintiff Lance R.
Cunningham (hereinafter "plaintiff-husband") was driving a motor-

cycle on which plaintiff Pamela H. Cunningham (hereinafter "plaintiff-wife") was a passenger. The plaintiffs were traveling north on U.S. Highway 158 in Currituck County, North Carolina. Defendant was also traveling north on Highway 158 ahead of plaintiffs, separated from them by a tractor-trailer. As plaintiff-husband passed the tractor-trailer defendant turned from her right lane of travel into her left lane of travel and into the path of plaintiffs' motorcycle, resulting in a collision. Plaintiffs sought recovery for numerous bodily injuries, loss of wages, and impairment of earning capacity.

Defendant answered denying her own negligence and asserting the contributory negligence of both plaintiffs. She also counterclaimed for damages to her automobile caused by the collision.

At the close of plaintiffs' evidence the trial court allowed defendant's motion for directed verdict as to the claims of both plaintiffs.

Plaintiffs appeal.

## II.

Settled principles establish that the purpose of a G.S. 1A-1, Rule 50(a) motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for plaintiffs; that in determining such a motion the evidence should be considered in the light most favorable to plaintiffs, and the plaintiffs should be given the benefit of all reasonable inferences; and that the motion should be denied if there is any evidence more than a scintilla to support plaintiffs' prima facie case in all its constituent elements. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E. 2d 678, 680 (1977); *Koonce v. May*, [59 N.C. App. 633, 634, 298 S.E. 2d 69, 71 (1982)]; *Everhart v. LeBrun*, 52 N.C. App. 139, 141, 277 S.E. 2d 816, 818 (1981); *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 644-45, 272 S.E. 2d 357, 359-60 (1980).

*Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E. 2d 193, 194 (1982).

### III.

The evidence for plaintiffs here, viewed, as required, pursuant to these principles, showed the following:

Plaintiff-husband testified that he and plaintiff-wife had come to Dare County from their home in Massachusetts on a motorcycle. They were returning to Massachusetts when the collision in suit occurred. He was driving their motorcycle with plaintiff-wife as a passenger.

Plaintiffs had been behind a tractor-trailer for several miles, and had been traveling at approximately thirty-five miles per hour. When they reached "a straight-of-way area," they attempted to pass the tractor-trailer. Plaintiff-husband did not see any oncoming traffic for "over half a mile, three-quarters of a mile," and he did not see any vehicles in front of the tractor-trailer.

When he "got up near the rear wheels of the tractor," he saw for the first time a car turning left in front of it. He could not go to the right because of the tractor-trailer. He "swerved a bit to the left," the car came directly in front of him, and he struck it. He and plaintiff-wife were hospitalized for five weeks as a result of injuries sustained in the collision.

On cross-examination plaintiff-husband reiterated that he never saw defendant's car in front of the tractor-trailer until he "got over by the side of the tanker." Defendant had commenced her turn the first time he saw her, and was across the center line in the process of turning into a driveway. Before that time the tractor-trailer had blocked his view of her car.

Plaintiff-husband was not in a position to testify as to whether defendant gave a turn signal before she came across the center line. He did not have time to blow his horn. He tried to stop, but his brakes "wouldn't hold well enough."

Plaintiff-wife testified that she and plaintiff-husband had been following the tractor-trailer at a speed much slower than the fifty-five miles per hour limit. When plaintiff-husband pulled out to pass the tractor-trailer, she looked to the front and the rear and saw nothing coming in either direction. When they "got up close to the front of the truck a car pulled out from in front of the truck and cut left across in front of [them]." She had not seen the car before.

Plaintiff-wife became upset when asked to describe what happened next. When she regained her composure, she described the events following the accident and the details regarding her injuries.

On cross-examination plaintiff-wife testified that she had not at any time objected to plaintiff-husband's attempt to pass the tractor-trailer. She said she had not known if anything was in front of the tractor-trailer. She had not been able "to catch a glimpse of the car in front of it" in the process of going around curves. She never saw defendant's car at all until it started turning. Before that time the tractor-trailer had blocked her view of it. She saw nothing objectionable about the way plaintiff-husband was operating the motorcycle or passing the tractor-trailer.

The tractor-trailer driver testified that he had observed defendant's car to his front and plaintiffs' motorcycle to his rear prior to the collision. He stated, however, that the drivers of each of these vehicles could not see the other vehicle prior to the collision because his vehicle was "in the way."

On cross-examination the tractor-trailer driver stated that when he first saw defendant commence her turn signal, he "glanced in the mirror and [saw] the motorcycle pulling out." He indicated that defendant's turning movement and plaintiffs' passing movement occurred simultaneously.

IV.

The crucial issue is whether there was "any evidence more than a scintilla" sufficient to justify an inference that defendant, before commencing her turning movement, could have seen that plaintiffs' motorcycle was traveling in the lane across which her turn was made. The only non-interested witness who observed the accident, the tractor-trailer driver, testified that she could not have. Plaintiffs' testimony did not directly indicate either that she could or could not have.

Plaintiffs did testify, however, as to the locale of their motorcycle when defendant's turning movement occurred. Plaintiff-husband's testimony indicated that he was "up near the rear wheels of the tractor" when, for the first time, he saw defendant turning left in front of the tractor-trailer. Plaintiff-wife testified: "[W]hen

we got up close to the front of the truck a car pulled out from in front of the truck and cut left across in front of us."

Plaintiffs' testimony in this regard, viewed, as required, in the light most favorable to them, indicates that defendant's turning movement did not occur until plaintiffs' motorcycle was located "up near the rear wheels of the tractor" (not the trailer) or "close to the front of the truck." If the jury believed this testimony as to the locale of plaintiffs' motorcycle when defendant turned, it could reasonably infer that defendant, in the exercise of a proper lookout, could have seen plaintiffs prior to commencing her turning movement, and that by failing to do so she violated the statutory mandate that she "first see that [her] movement [could] be made in safety." G.S. 20-154(a). While violation of this statute did not constitute negligence *per se*, G.S. 20-154(d), it was "evidence to be considered with other facts and circumstances in determining whether the violator used due care." *Cowan v. Transfer Co. and Carr v. Transfer Co.*, 262 N.C. 550, 554, 138 S.E. 2d 228, 231 (1964).

## V.

In the trial court counsel for defendant contended that his motion for directed verdict should be granted on three grounds: (1) that there was no evidence of actionable negligence on the part of defendant, (2) that plaintiffs were contributorily negligent as a matter of law, and (3) that "release, compromise and settlement [was] established as a matter of law by plaintiffs' evidence."

The judgment does not indicate the ground or grounds on the basis of which the court allowed the motion. The parties have argued only the negligence question in their briefs and before the court. It will suffice to say that we find evidence to take the issue of contributory negligence to the jury, but not to establish it as a matter of law; and that the record before us does not establish "release, compromise and settlement" of plaintiffs' claims against defendant as a matter of law. The release itself was listed in the final pre-trial order as an exhibit which defendant might offer at trial. It was not in fact offered, however, and the record before us does not contain it. The only evidence relating to the release was testimony by plaintiff-wife on cross-examination, and that testimony did not establish that plaintiffs had released defendant as a matter of law.

## VI.

Justice (later Chief Justice) Parker once referred to a matter similar to this as "a borderline case." *Ennis v. Dupree*, 258 N.C. 141, 145, 128 S.E. 2d 231, 234 (1962). Considering the evidence in the light most favorable to plaintiffs, however, as we must, we believe it would permit, but not compel, a finding that defendant, in the exercise of a proper lookout to see that her turn could be made in safety, could have seen plaintiffs as they approached in the lane across which she was to turn, and by exercising due care and caution thereafter could have averted the collision. Defendant's motion for directed verdict thus was improperly granted.

This is the second time this matter has been before this Court. *See Cunningham v. Brown*, 51 N.C. App. 264, 276 S.E. 2d 718 (1981). The decision here remands for yet a third proceeding. In "borderline cases" such as this, juries, if allowed, will often terminate the proceedings with a verdict for defendants, thereby averting unnecessary and undesirable consumption of time by both the trial court and this Court. We therefore deem it appropriate to emphasize anew the following procedural point:

> Where the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial.

*Manganello v. Permastone, Inc.*, 291 N.C. 666, 669-70, 231 S.E. 2d 678, 680 (1977). *See Koonce v. May*, 59 N.C. App. 633, 637, 298 S.E. 2d 69, 73 (1982); *Wallace, supra*, 60 N.C. App. at 148-49, 298 S.E. 2d at 196; *Kuykendall v. Turner and Booth*, 61 N.C. App. 638, 642, 301 S.E. 2d 715, 718 (1983).

Reversed and remanded.

Judges WEBB and BRASWELL concur.