JOSEPH MALCOLM BROWNE v. ROBERT J. MACAULAY AND NASH GENERAL HOSPITAL

No. 837SC3

(Filed 20 December 1983)

Hospitals § 3.2; Physicians, Surgeons and Allied Professions § 20— failure to keep bedrails up — no proximate cause of injury

　　In an action to recover damages for a fractured hip sustained by the 78-year-old plaintiff in a fall while he was a patient of defendant physician in defendant hospital, the trial court properly granted defendants' motions for directed verdicts at the close of plaintiff's evidence since, even if defendants had a duty to plaintiff to keep his bedrails up at night, the proximate cause of plaintiff's fall was not the breach of that duty but was plaintiff's own decision to request that the bedrail be left down on the night he was injured so that he could freely move to the bathroom and plaintiff's attempt to change his pajama bottom.

APPEAL by plaintiff from *Winberry, Judge.* Judgment entered 12 October 1982 in NASH County Superior Court. Heard in the Court of Appeals 30 November 1983.

Plaintiff brought suit to recover damages for a fractured hip that he sustained in a fall while he was a patient at defendant hospital.

Plaintiff's evidence tended to show the following. Plaintiff, a seventy-eight-year-old man, was admitted to defendant hospital on 20 November 1978. Defendant Macaulay was his physician. Plain-

tiff suffered from severe, chronic constipation and was admitted to the hospital for tests. Plaintiff's wife told defendant Macaulay about her husband's tendency to walk at night, that he had recently fallen and had suffered a broken hip in another fall. She asked defendant Macaulay to take necessary action to ensure that her husband's bedrail was kept up at night. Defendant Macaulay told plaintiff's wife that he would enter an order on plaintiff's chart concerning the bedrails, but no entry was made. Mrs. Browne regularly requested hospital staff nurses to see to it that plaintiff's bedrails were put up at night.

On 26 November 1978, plaintiff got out of bed shortly after midnight to go to the bathroom. His right bedrail was down. He used the toilet to urinate. In that process, he wet his pajama bottom. He then attempted to remove his pajama bottom, and at that point, tripped and fell, fracturing his hip.

Plaintiff could not remember having any discussion with hospital personnel about his bedrails or the use of a bedside buzzer to obtain assistance in going to the bathroom. Hospital records indicated that plaintiff refused to allow his right bedrail to be put up on the night of his injury because he anticipated the need to use the bathroom during the night. Plaintiff had made his way to the bathroom on previous occasions without need of assistance.

The trial court granted defendants' motions for directed verdicts at the close of plaintiff's evidence. Plaintiff appealed.

*Pritchett, Cooke & Burch, by Stephen R. Burch and William W. Pritchett, Jr., for plaintiff.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr., and Steven M. Sartorio, for defendant Robert J. Macaulay.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert M. Clay, Alene M. Mercer, and Theodore B. Smyth, for defendant Nash General Hospital, Inc.*

WELLS, Judge.

The standard for ruling on a motion for a directed verdict is well known and need not be restated here. *See, e.g., Manganello*

*v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). We note that, in clear violation of the provisions of G.S. § 1A-1, Rule 50(a) of the Rules of Civil Procedure, no specific grounds for the motion were stated by defendants. While plaintiff did not object to this deficiency, and we must therefore pass upon the trial court's ruling, we are constrained to note that this deficiency on such motions is not rare and that such lack of compliance with the rule unduly complicates the process of appellate review. For instance, in this case it appears that the trial court could have granted the motion either because plaintiff failed to establish a violation of a duty of care owed plaintiff by defendants; or plaintiff failed to show that defendants' alleged negligence was the proximate cause of plaintiff's injury; or that if defendants were negligent and proximate cause was shown, plaintiff was contributorily negligent as a matter of law.

At the threshold of every action for negligence is the plaintiff's burden of showing that the defendant has failed to exercise due care in the performance of some legal duty owed by the defendant to the plaintiff under the circumstances in which they were placed. The next requisite in negligence cases is for the plaintiff to show that such negligent breach of duty was the proximate cause of plaintiff's injury. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972).

In the case before us, if defendants had a duty to plaintiff to keep his bedrails up at night, it was not the breach of that duty which proximately caused plaintiff's injury. Plaintiff's own decision to request that his bedrail be left down on the night he was injured, so that he could freely move to the bathroom, and plaintiff's ill-fated attempt to change his pajama bottom were the proximate causes of his unfortunate injury. For these reasons, defendants were entitled to a directed verdict.

No error.

Judges WEBB and WHICHARD concur.