G. T. BADGER, JR., ADMINISTRATOR OF ERIKA INGRID HASTINGS, DECEASED v. PETE MEDLEY.

(Filed 4 November, 1964.)

**Automobiles § 41m—**

     Evidence *held* insufficient to show that collision of defendant's vehicle with a child on the highway was the result of negligence.

APPEAL by plaintiff from *McLaughlin, J.,* May 1964 Civil Session of Ashe.

Action for damages for wrongful death of plaintiff's intestate, an 8-year old child, who was fatally injured when struck by an automobile driven by defendant.

The accident occurred about 6:30 P.M., 15 April 1963, on N. C. Highway 88, about two-tenths of a mile west of the town of Jefferson in Ashe County. The hardsurface is about 20 feet wide. Defendant was headed west and, as he approached the point of the accident, was on a long curve to his right and passing through a cut. There were high embankments on both sides of the highway, and it was about 13 feet from the foot of the embankment on the north side of the highway to the north edge of the hardsurface. Defendant's maximum limit of vision

BADGER *v.* MEDLEY.

forward with respect to the north edge of the highway was 300 feet. The accident occurred about the west end of the cut, on the north edge of the highway. Deceased came in contact with the right front fender of defendant's car, "on top about the headlight rim." Death was instantaneous. Deceased was wearing a red dress. Defendant stated at the scene that he did not see the child until after he struck her and at the time of the impact "he thought he might have struck a dog."

Plaintiff alleges that deceased's fatal injury was caused by the actionable negligence of defendant, for that (1) he operated the automobile at a speed greater than was reasonable and prudent under the circumstances, (2) he failed to keep a reasonable lookout, (3) he "should have known that children customarily were in close proximity to said highway and frequently crossed the same," and (4) he did not give audible warning of his approach.

At the close of plaintiff's evidence the court sustained defendant's motion for nonsuit. Judgment was entered dismissing the action.

*Bowie, Bowie & Vannoy for plaintiff.*
*John E. Hall for defendant. McElwee & Hall, of counsel.*

PER CURIAM. There were no eyewitnesses other than defendant and deceased. Defendant did not see deceased until after the impact. Evidence is totally lacking as to speed; there is no showing that defendant knew children were customarily on or near the highway in this vicinity. There is no evidence that any other child was on or near the highway at the time of the accident. It may be inferred that defendant did not sound his horn, and there is evidence that he did not see the child before he struck her. Assuming that defendant failed to keep a reasonable lookout, there is not sufficient evidence from which it may be inferred that his inattention was a proximate cause of the accident and that in the exercise of reasonable care he might have avoided the accident. *Ennis v. Dupree,* 262 N.C. 224, 136 S.E. 2d 702, and cases therein cited.

Affirmed.