LORENZO BOBBY DANIELS, By His Next Friend, PAULINE DAN-
IELS GOODSON v. SARAH FORD JOHNSON AND NORWOOD
RIGDON JOHNSON

No. 7410SC1009

(Filed 5 March 1975)

**1. Automobiles § 41— children near street — duty of motorist**

The presence of children on or near the traveled portion of a
highway whom a driver sees, or should see, places him under the duty
to use due care to control the speed and movement of his vehicle
and to keep a vigilant lookout to avoid injury.

**2. Automobiles § 63— striking child — no presumption of negligence**

No presumption of actionable negligence arises from the mere
fact that a motorist strikes and injures a child who darts into the
street in the path of his approaching vehicle, but there must be some
evidence that the motorist could have avoided the accident by the
exercise of reasonable care under the circumstances.

**3. Automobiles § 63— striking child — insufficient evidence of negligence**

The evidence failed to establish actionable negligence on the part
of defendant motorist in striking a child who "trotted" into the street
where it failed to show where defendant was at any particular time
until she applied her brakes five feet before striking the child and
thus left to speculation where defendant was when she saw or should
have seen the child.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered
20 September 1974 in Superior Court, WAKE County. Heard in
the Court of Appeals 13 February 1975.

This is a civil action wherein the plaintiff, Lorenzo Bobby
Daniels, brought suit by his guardian ad litem, Pauline Daniels
Goodson, to recover damages for personal injuries suffered on
20 January 1970 when he was struck by an automobile driven
by Sarah Ford Johnson and owned by her husband, Norwood
Rigdon Johnson.

At the trial, plaintiff offered evidence tending to show the
following: East Street in Raleigh runs north and south and is
approximately 36 feet wide. The 300 block of S. East Street,
which is approximately 200 feet long, is straight and level and
has a speed limit of 25 m.p.h. There are homes along the west
side of the street and both homes and businesses along the east
side of the street. The plaintiff's house, located in the middle of
the block on the west side of the street, is directly across the
street from the Rainbow cabstand.

---

Daniels v. Johnson

---

On 20 January 1970 the plaintiff was eight years old. At about 5:15 p.m. plaintiff, returning home from Keith's grocery store, walked down the sidewalk on the east side of the street as far as the Rainbow cabstand. He stopped in the driveway leading from the street to the cabstand and checked the traffic in both directions. Plaintiff did not see any cars and began "trotting" west across S. East Street toward his home. He was struck by the front part of defendant's car, which was traveling south, at a point nine feet from the west curb of S. East Street. Plaintiff testified that at the time of the accident it was "sort to" getting dark outside and that he did not see the defendant's car until it was so close to him he was unable to avoid being hit. He did not remember hearing either the sound of a horn or the sound of brakes. Plaintiff further stated that there were no cars parked along the east side of S. East Street in the vicinity of the cabstand.

Plaintiff's grandmother, Katy Daniels Lumford, testified that at the time of the accident there was a considerable amount of traffic on S. East Street and that immediately after the accident Mrs. Johnson said that she did not see the plaintiff.

Sergeant B. W. Peoples, the investigating officer, testified that the defendant's vehicle left "tire impressions" prior to the point of impact which were five feet in length and that the automobile traveled six feet after the collision before coming to a stop.

At the conclusion of the plaintiff's evidence, the trial court granted defendant's motion for a directed verdict. Plaintiff appealed.

*Hatch, Little, Bunn, Jones, Few & Berry by John N. Mc-Clain, Jr., and David H. Permar for plaintiff appellant.*

*Ragsdale and Liggett by George R. Ragsdale for defendant appellee.*

HEDRICK, Judge.

[1] Defendant's motion for a directed verdict at the close of plaintiff's evidence presents the question whether the evidence, when considered in the light most favorable to the plaintiff, is sufficient to justify a verdict in his favor. *Summey v. Cauthen,* 283 N.C. 640, 197 S.E. 2d 549 (1973). It is well-settled in this State that the presence of children on or near a highway is a

warning signal to a motorist, who must bear in mind that children have less capacity to shun danger than adults and they are prone to act on impulse. Therefore, "the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury." *Brinson v. Mabry,* 251 N.C. 435, 438, 111 S.E. 2d 540, 543 (1959).

[2]   However, no presumption of actionable negligence arises from the mere fact that a motorist strikes and injuries a child who darts into the street or highway in the path of his approaching vehicle. *Brewer v. Green,* 254 N.C. 615, 119 S.E. 2d 610 (1961). There must be some evidence that the motorist could have avoided the accident by the exercise of reasonable care under the circumstances. Until the driver has notice of the presence or likelihood of children near his line of travel, the rule as to the degree of care to be exercised with respect to children is the same as it is with respect to adults. 4 Blashfield, Automobile Law and Practice, (3d Ed. 1965) § 151.11.

Taking as true the minor plaintiff's testimony that there were no vehicles on the street blocking his view to the north along S. East Street, it can be reasonably inferred that the defendant approaching along S. East Street from the north could have seen the plaintiff sometime during his passage from the east side of the street to the point where he was struck near the center of the southbound lane. However, when and where the plaintiff became visible to the defendant would depend on just where she was in relation to the plaintiff while he was trotting the twenty-seven feet from the east side of the street to where he was struck by the defendant's automobile.

[3]   There is no evidence in this record whatsoever as to where the defendant was at any particular time until she apparently applied her brakes five feet before striking the plaintiff. Thus, the evidence adduced at the trial does not provide the answer to the crucial question in the case, that is, whether defendant, in the exercise of due care, could have seen the plaintiff in sufficient time to anticipate his collision course and to have taken effective measures to avoid striking him. Left to speculation is where the defendant was when she saw or by the exercise of reasonable care should have seen the plaintiff.

The plaintiff not only had the burden of offering evidence of defendant's negligence, he also had the burden of offering

evidence that the defendant's negligence was at least one of the proximate causes of the injury. Assuming that the defendant failed to keep a proper lookout, there is not sufficient evidence from which it may be inferred that her inattention was a proximate cause of the accident and that in the exercise of reasonable care she might have avoided it. See *Winters v. Burch,* 284 N.C. 205, 200 S.E. 2d 55 (1973) ; *Badger v. Medley,* 262 N.C. 742, 138 S.E. 2d 401 (1964).

We hold that the evidence in this case fails to establish actionable negligence on the part of defendant. Her motion for a directed verdict, therefore, was properly allowed.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge CLARK concur.