BOBBY DALE JACKSON, BY HIS GUARDIAN AD LITEM, BOBBY WAYNE JACKSON
v. DAVID WINDSOR FOWLER

No. 774SC707

(Filed 11 July 1978)

**Automobiles § 63.1— striking child—sufficient evidence of negligence**

In an action to recover for injuries to a child who was struck by defendant motorist, plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in failing to see the child moving toward the road so as to bring his vehicle under control and avoid the accident where it tended to show that the child was playing in his yard under a tree 49 feet from the center of the road, the child ran the 49 feet from the point in his yard to the place where the accident occurred, the road in the direction from which defendant traveled was straight for at least 300 feet, no obstructions blocked defendant's view of the plaintiff's yard, and the seat of the truck defendant was driving was high enough above the ground so that defendant could see into the yard.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 12 April 1977 in Superior Court, SAMPSON County. Heard in the Court of Appeals 30 May 1978.

This case brings to the Court a question as to whether the plaintiff's evidence was sufficient to withstand a motion for a directed verdict. The plaintiff was eight years of age on 15 August 1975. At approximately 12:55 p.m. on that day, with the weather clear, the plaintiff was struck by a pickup truck being driven by the defendant. The accident occurred on Rural Paved Road 1300, at a point in front of the plaintiff's residence in Sampson County. The plaintiff's evidence showed that he was playing in his front yard with a friend when he saw the mail carrier deliver the mail to a box across the road. He ran to the side of the road, started across to the mailbox and was struck in the approximate center of the road by the truck driven by the defendant. The defendant's vehicle had been approaching the point of impact from a southerly direction of RPR 1300. The road was straight for at least 300 feet from the point of impact southward with no incline on the part of the road on which the defendant was driving. There was a soybean field to the south of plaintiff's home, with the soybeans approximately 18 inches in height. There was a row of bushes two or three feet high which lined the driveway to the plaintiff's home for a distance of approximately four feet and were between the defendant's vehicle and the plaintiff as the defendant approached the plaintiff's yard. There were two trees in the yard and the plaintiff was playing under one of them immediately before he ran into the road. The tree under which the plaintiff was playing was 49 feet from the center of the road. There was a power pole beside the driveway. The plaintiff was approximately 44 inches in height at the time of the accident. Lonnie Peacock, a registered surveyor, testified that the road varied from 7/10 of a foot to three feet below ground level from a point 300 feet south of the point of the accident to the place where the accident occurred. Mr. Peacock also testified that from ground level to the seat in the type of truck the defendant was driving was approximately 31 to 32 inches. Mr. Peacock also testified as to the angle of the tree from the center of the road, from various points 300 feet south of the place of the accident to within 50 feet of the place of the accident. Several witnesses testified that there were no obstructions that would limit their view of children playing in the yard in which the plaintiff was playing as they traveled the route defendant was traveling on 15 August 1975.

*Doffermyre and Rizzo, P.A., by L. Randolph Doffermyre III, for plaintiff appellant.*

*Chambliss, Paderick, Warrick and Johnson, P.A., by Joseph B. Chambliss, for defendant appellee.*

WEBB, Judge.

We reverse the judgment of the superior court. The statement of the law applicable to this case has been made many times by the Supreme Court of North Carolina and by this Court. It is as follows:

". . . the presence of children on or near a highway is a warning signal to a motorist, who must bear in mind that they have less capacity to shun danger than adults and are prone to act on impulse. Therefore, 'the presence of children on or near the traveled portion of a highway whom a driver sees, or should see, places him under the duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury.'

\*   \*   \*

However, no presumption of negligence arises from the mere fact that a motorist strikes and injures a child who darts into the street or highway in the path of his approaching vehicle.

\*   \*   \*

'A motorist is not, however, an insurer of the safety of children in the street or highway; nor is he bound to anticipate the sudden appearance of children in his pathway under ordinary circumstances. Accordingly, the mere occurrence of a collision between a motor vehicle and a minor on the street does not of itself establish the driver's negligence; and some evidence justifying men of ordinary reason and fairness in saying that the driver could have avoided the accident in the exercise of reasonable care must be shown. In the absence of such a situation, until an automobile driver has notice of presence or likelihood of children near line of travel, the rule as to the degree of care to be exercised as to children is the same as it is with respect to adults.' " *Winters v. Burch*, 284 N.C. 205, 209-10, 200 S.E. 2d 55, 58-9 (1973).

Applying the law to this case the question is whether under the evidence the jury could find from the evidence that the defendant should have seen the plaintiff playing in the yard and moving toward and into the road so as to bring his vehicle under such control as to have avoided the collision. We conclude that from the evidence offered in this case, the jury could so find.

The evidence is that the plaintiff was playing in his yard under a tree 49 feet from the center of this road. He ran from that spot to the center of the road while the defendant was approaching. There was evidence that there were obstructions such as a hedge, a soybean field, and a pole blocking the defendant's view of the yard in which the plaintiff was playing, and that the road was at a lower level than the yard. There was also evidence that the hedge, the soybean field and the pole should not have blocked defendant's view and that the seat of the truck which defendant was driving was high enough above the ground so that the defendant could see into the plaintiff's yard. We hold that it is a question for the jury whether the defendant should have seen plaintiff running toward the road and brought his truck to a halt so as to avoid the collision.

The defendant relies on *Daniels v. Johnson*, 25 N.C. App. 68, 212 S.E. 2d 245 (1975). That was a case in which the Court affirmed the granting of defendant's motion for directed verdict after the defendant's vehicle had struck a minor plaintiff who was running across the street. The Court held there was not sufficient evidence as to where the defendant was when she could have first seen the plaintiff.

In this case there is evidence that the defendant was on RPR 1300 approaching the point of collision when the plaintiff ran the 49 feet from the point in his yard to the place where the accident occurred. We believe this distinguishes this case from *Daniels*.

New trial.

Chief Judge BROCK and Judge CLARK concur.