DAVID ANDREW PHILLIPS, BY AND THROUGH HIS GUARDIAN AD LITEM, RICHARD B. SCHULTZ, AND BEVERLY PHILLIPS v. LORRIE S. HOLLAND

No. 9119SC765

(Filed 20 October 1992)

**Automobiles and Other Vehicles § 551 (NCI4th) — automobile accident — child darting into road — directed verdict for defendant — erroneous**

The trial court erred by granting a directed verdict for defendant in an automobile accident case involving a child darting into traffic where, giving plaintiff the benefit of all reasonable inferences, the evidence as to time and distance creates a question as to whether defendant kept a reasonable lookout and maintained proper control over her car. While darting children cases affirming a directed verdict for a defendant driver generally involve a plaintiff failing to present sufficient evidence on defendant's ability to avoid the accident, the evidence in this record and the legitimate inference arising therefrom do not compel, but permit, a jury finding that the defendant had sufficient stopping time and distance to avoid the accident and resulting injury to the plaintiff if driving in a reasonable manner under the circumstances.

**Am Jur 2d, Automobiles and Highway Traffic § 516.**

PHILLIPS v. HOLLAND

[107 N.C. App. 688 (1992)]

**Duty of motor vehicle driver approaching place where children are playing or gathered. 30 ALR2d 5.**

Chief Judge HEDRICK dissenting.

APPEAL by plaintiffs from judgment entered 8 March 1991 by *Judge James C. Davis* in CABARRUS County Superior Court. Heard in the Court of Appeals 26 August 1992.

*Tim L. Harris & Associates, by Robert D. Jenkins and Jerry N. Ragan, for plaintiffs-appellants.*

*Hartsell, Hartsell & Mills, by W. Erwin Spainhour, for defendant-appellee.*

WYNN, Judge.

Plaintiffs, David Andrew Phillips by his guardian ad litem, Richard B. Schultz, and Beverly Phillips brought this action to recover for injuries allegedly caused by the negligence of defendant, Lorrie S. Holland. Plaintiff Beverly Phillips, parent of the minor plaintiff, seeks recovery for expenses she has allegedly incurred or will incur because of the injuries sustained by the minor plaintiff when he was struck by a motor vehicle operated by defendant.

Plaintiff's evidence offered at trial tends to show the following:

Allison Street runs north and south in Concord, North Carolina and is approximately thirty feet wide. Cannon Avenue runs east and west and intersects with Allison Street at the top of a hill. The speed limit is thirty-five miles per hour on both streets.

On September 21, 1987 at about 7:38 a.m., plaintiff Beverly Phillips drove her six year old son, David, two blocks south from their home on Allison Street to the intersection of Cannon Avenue and Allison Street to drop him off for school. Mrs. Phillips stopped her Pontiac Bonneville a short distance north of the intersection to let David out. He got out on the passenger's side and walked to the rear of the car to cross the street.

Defendant, Lorrie Holland, drove her Chevrolet Camaro in a northerly direction on Allison Street at twenty-five to thirty miles per hour. She was taking three children to school. As defendant crested the hill at the intersection of Allison Street and Cannon Avenue, she first saw the plaintiff David Phillips "running" in

an easterly direction in the southbound lane of Allison Street. Approximately five to ten seconds passed from the time defendant first saw the minor plaintiff to the time of impact. The collision occurred in the middle of the street approximately forty-five feet from the northeast corner of the intersection of Cannon and Allison. Plaintiff was struck by the left front quarter panel of defendant's car. Defendant did not blow her horn because she "did not have time."

There were fifty-four feet of skid marks prior to the impact and defendant's car traveled about an additional twenty-five feet after the collision before coming to a stop. The trial court took judicial notice that the distance traveled by a vehicle at twenty-five miles per hour is 36.9 feet per second; and at thirty miles per hour, 44 feet per second.

Following the close of plaintiffs' evidence, the trial judge granted defendant's motion for a directed verdict on the ground that "the evidence presented by plaintiffs, when considered in the light most favorable to the plaintiffs, is insufficient to permit a finding by the jury that any act or omission on the part of the defendant proximately caused any injury or damage to the plaintiffs." Plaintiffs appealed.

---

Appellants contend that the trial court erred in allowing the defendant's motion for directed verdict in that the evidence presented by plaintiffs was sufficient to present a prima facie case of negligence to the jury. We agree.

It is well established that a defendant's motion for directed verdict under G.S. § 1A-1, Rule 50(a) of the Rules of Civil Procedure tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E.2d 678, 680 (1977). On defendant's motion for a directed verdict, plaintiff's evidence must be taken as true and considered in the light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference which may legitimately be drawn from the evidence. *Id.* A directed verdict is improper unless, as a matter of law, a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish. *Id.; Koonce v. May*, 59 N.C. App. 633, 634, 298 S.E.2d 69, 71 (1982). If there is even a scintilla of evidence to support plaintiff's prima facie case such that reasonable minds could differ as to whether the plaintiff is

PHILLIPS v. HOLLAND

[107 N.C. App. 688 (1992)]

entitled to recover, the motion should be denied and the case should go to the jury. *Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E.2d 193, 194 (1982); *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986). Thus our inquiry is whether the evidence presented by plaintiffs would support a jury finding of negligence on the part of defendant.

Generally, every motorist is under a duty to exercise due care to avoid colliding with pedestrians on a roadway and to exercise proper precaution upon observing any child upon a roadway. N.C. Gen. Stat. § 20-174(e) (1991). Such duty of care requires the motorist to keep a proper lookout, i.e., to look in the direction of travel, to see what is there to be seen. *Troy v. Todd*, 68 N.C. App. 63, 66, 313 S.E.2d 896, 898 (1984). In recognizing the often impulsive nature of children, the North Carolina Supreme Court and this Court have held that a driver is not, however, the insurer of the safety of children in the street and is not bound to anticipate the sudden appearance of children in his pathway. *Winters v. Burch*, 284 N.C. 205, 210, 200 S.E.2d 55, 58 (1973); *Daniels v. Johnson*, 25 N.C. App. 68, 70, 212 S.E.2d 245, 246 (1975). Thus, no presumption of negligence arises from the mere fact that a motorist strikes and injures a child who darts into the street or highway in the path of her approaching vehicle. Rather there must be some evidence that the motorist could have avoided the accident by the exercise of reasonable care under the circumstances. *Winters*, 284 N.C. at 210, 200 S.E.2d at 58; *Daniels*, 25 N.C. App. at 70, 212 S.E.2d at 246.

The cases involving injuries to children by motor vehicles are numerous. In *Koonce v. May*, 59 N.C. App. 633, 298 S.E.2d 69 (1982), this Court thoroughly reviewed those cases dealing specifically with "darting children." Based on that review, it concluded that the jury could reasonably have found that the defendant, by maintaining a proper lookout, could have observed the plaintiff in time and avoided the collision. This conclusion arose from evidence showing that when the seven year old plaintiff entered the street on his "Green Machine" tricycle, his playmates saw the defendant approaching from sixty feet away at a speed of between fifteen and twenty miles per hour. The court distinguished *Koonce* from the "typical 'darting child' case," because there was "evidence from which the jury could have concluded that plaintiff was in the street for a sufficient length of time to give the defendant an opportunity to exercise due care to avoid colliding with him." *Id.* at 637, 298 S.E.2d at 73.

PHILLIPS v. HOLLAND

[107 N.C. App. 688 (1992)]

Similarly, in *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E.2d 193 (1982), the evidence permitted a finding that the defendant traveling at twenty miles per hour from 200 feet away could have seen the minor plaintiff approaching the road from his driveway. This Court, in comparing the 200 feet of travel in *Wallace* to the 60 feet in *Koonce*, held that this was sufficient evidence to permit, but not compel, a finding that by maintaining a proper lookout and exercising due care and caution, the defendant could have averted the collision. *Id.* at 148, 298 S.E.2d at 196. *See Lewis v. Dove*, 39 N.C. App. 599, 251 S.E.2d 669, *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979) (evidence that motorist saw a child on the side of the road and slowed to twenty miles below the posted speed limit, but failed to warn of his approach by blowing his horn and could not stop when the child ran in front of him at 75 feet away found sufficient to submit to jury).

It should be noted that the "darting children" cases affirming a defendant driver's motion for a directed verdict appear to share a common theme. Generally, the plaintiff in those cases failed to present sufficient evidence on the defendant's ability to avoid the accident.

> [T]he evidence adduced at trial [did] not provide the answer to the crucial question in the case, that is, whether defendant, in the exercise of due care could have seen the plaintiff in sufficient time to anticipate his collision course and to have taken effective measures to avoid striking him. Left to speculation is where the defendant was when she saw or by the exercise of reasonable care should have seen the plaintiff.

*Daniels*, 25 N.C. App. at 70, 212 S.E.2d at 246-47 (evidence failed to show where the defendant was at any particular time until she applied her brakes five feet before striking the child); *see Koonce*, 59 N.C. App. at 636, 298 S.E.2d at 72, for review of decisional precedents.

Defendant contends that the North Carolina Supreme Court's holding in *Winters v. Burch*, 284 N.C. 205, 200 S.E.2d 55 (1973), controls the outcome of this case because of factual similarities. In *Winters*, a seven year old child was injured when he drove his "big wheelie" into the street and was hit by a car. The Court affirmed a directed verdict motion in favor of the defendant-motorist based on the plaintiff's failure to provide evidence that the defendant could have seen the child in time to avoid the accident. Although

there were fifty-four feet of skid marks (the same as in the case at hand), the court found that the evidence did not tend to show where that plaintiff was, when in the exercise of proper care, the defendant could or should have seen him or at what point he rode into the street.

However, as in *Koonce v. May*, the evidence offered by plaintiffs in the subject case distinguishes this from the typical "darting child" case. Giving the plaintiff the benefit of all reasonable inferences, as required, the evidence tends to show that defendant conceivably could have seen the minor plaintiff from a distance of between 186 feet and 440 feet away (five seconds at twenty-five miles per hour up to ten seconds at thirty miles per hour). Defendant testified that she first saw the plaintiff when he was half way into the southbound lane. She also testified that between five and ten seconds passed from the time she first saw the defendant until the collision occurred. There were skid marks for fifty-four feet, yet the defendant traveled an additional twenty-five feet after the impact occurred. This evidence as to time and distance creates a question as to whether the defendant kept a reasonable lookout and maintained proper control over her car. The evidence in the record and the legitimate inference arising therefrom does not compel, but permits, a jury finding that the defendant had sufficient stopping time and distance to avoid the accident and resulting injury to the plaintiff if driving in a reasonable manner under the circumstances.

Moreover, in light of the trial judge's characterization of this case as an "extremely close" one, we re-emphasize the following procedural point which has been noted in "borderline cases" such as this:

Where the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment not withstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the

judgment on the verdict, thereby eliminating the expense and delay involved in a retrial.

*Koonce*, 59 N.C. App. at 637, 298 S.E.2d at 73; *Manganello*, 291 N.C. at 669-70, 231 S.E.2d at 680; *Wallace*, 60 N.C. App. at 148-49, 298 S.E.2d at 196.

It cannot be said as a matter of law that the plaintiffs' evidence when taken as true and in a light most favorable to them, is insufficient to permit a jury to find that the defendant's negligence caused the minor plaintiff's injuries. Defendant's motion for directed verdict was improperly granted.

Reversed and remanded.

Chief Judge HEDRICK dissents in a separate opinion.

Judge LEWIS concurs.

Chief Judge HEDRICK dissenting.

While the evidence, when considered in the light most favorable to plaintiff, is sufficient, in my opinion, to raise an inference from which the jury could find that defendant might have been negligent in the operation of her motor vehicle in some manner as she approached the intersection of Allison Street and Cannon Avenue, the evidence is not sufficient to allow the jury to find that any negligence upon the part of defendant was a proximate cause of this unfortunate accident.

From the evidence, and from the majority opinion, it is clear that defendant saw the minor plaintiff running across the street, and that defendant applied her brakes and stopped her vehicle within a reasonable distance and time. The evidence discloses that the minor plaintiff ran into the side of defendant's car, not as the majority opinion states: "Plaintiff was struck by the left front quarter panel of defendant's car." The only way defendant could have avoided the accident was not to have operated her vehicle on the street at all, but defendant was operating her vehicle where she had a right to operate it and nothing she did, or did not do, caused the child's injuries.

I vote to affirm Judge Davis' ruling.