MANLEY v. PARKER

[123 N.C. App. 540 (1996)]

DEMOND ANTONIO MANLEY, A MINOR CHILD BY AND THROUGH HIS GUARDIAN AD LITEM, BETTY MANLEY, Plaintiffs v. MICHAEL D. PARKER, PUBLIC ADMINISTRATOR FOR THE ESTATE OF CYNTHIA MELVIN PHILLIPS, A.K.A. CYNTHIA DARLENE EADES MELVIN PHILLIPS AND BROADWAY YELLOW CAB COMPANY, INC., Defendants

No. COA95-217

(Filed 6 August 1996)

### Automobiles and Other Vehicles § 550 (NCI4th)— child struck by vehicle—no evidence that defendant should have seen plaintiff—directed verdict proper

The trial court properly directed verdict for defendant in an action to recover for injuries received by the seven-year-old plaintiff when he was struck by a vehicle driven by defendant where the evidence tended to show that defendant was traveling below the posted speed limit; defendant told the arresting officer that plaintiff suddenly stepped out into her path; there was no evidence that she left her proper lane of travel; even if defendant had a heightened duty to keep a proper lookout because she saw a young girl by the roadside or even if she was improperly distracted by the girl, there was no evidence that, in the exercise of due care, defendant should have seen the plaintiff in time to avoid the accident; and there was only speculation, not evidence, concerning whether defendant should have seen plaintiff and could have avoided the accident.

### Am Jur 2d, Automobile and Highway Traffic § 516.

Appeal by plaintiff from order entered 22 September 1994 by Judge D. Jack Hooks, Jr. in Durham County Superior Court. Heard in the Court of Appeals 16 November 1995.

On 23 November 1985, plaintiff Demond Antonio Manley suffered a broken arm, broken collarbone, and cuts and scrapes after being struck by a taxicab operated by Cynthia Melvin Phillips. Plaintiff, then age seven, and his sister, then age eleven, had been selling candy for a school fundraising project. Their mother had given them permission to sell the candy in their Durham neighborhood and had suggested they should try a convenience store at the corner of Trent Drive and Main Street. Instead, the children decided to try to sell the candy at businesses along Hillsborough Road. They crossed Hillsborough Road and sold some candy at Rigsbee Tire Company. As

MANLEY v. PARKER

[123 N.C. App. 540 (1996)]

they were leaving, someone inside called the sister to return, saying they wished to purchase more candy. While his sister made the additional sale, plaintiff recrossed the street in order to go to another business on the other side. After crossing the street, plaintiff continued walking alongside the street with his back to oncoming traffic.

Upon leaving the tire store, plaintiff's sister waited for several cars to pass before attempting to recross the street. When she failed to see her brother where she expected him to be, she crossed the street and found plaintiff lying beside the road. She immediately ran home to get her mother. Plaintiff's sister testified she did not see her brother get struck by a car. Plaintiff testified he did not remember being hit by a vehicle, he never saw the vehicle that hit him, and could not say if he was in the roadway or on the side of the road at the time he was hit. Durham Police Officer J.M. Cates, a member of the traffic services division and the investigating officer at the scene, testified Phillips, the driver of the cab, told him she was travelling at a speed of thirty miles an hour in a thirty-five mile an hour zone when a small boy suddenly stepped out into her path. Officer Cates testified the plaintiff was lying two to three feet from the roadway, with his feet towards the street and his head towards the sidewalk. Based upon his investigation of the vehicle and surrounding area, Officer Cates determined that Phillips' vehicle had not left its proper lane of travel either at or prior to the point of impact.

Plaintiff, through his guardian *ad litem*, originally filed this negligence action against Phillips and her employer, Broadway Yellow Cab Company, Inc., on 18 November 1988. After taking a voluntary dismissal, plaintiff refiled his claim against the defendants in February 1991. Phillips died before the case came to trial. At the close of plaintiff's evidence at trial, defendants moved for a directed verdict. The trial court granted defendants' motion in an order issued 22 September 1994. From this order, plaintiff appeals.

*Perry, Perry & Perry, P.A., by Robert T. Perry, for plaintiff-appellant.*

*Newsome, Graham, Hedrick & Kennon, P.A., by Joel M. Craig, for defendant-appellees.*

McGEE, Judge.

The determining issue on appeal is whether plaintiff presented sufficient evidence to overcome defendants' motion for a directed

MANLEY v. PARKER

[123 N.C. App. 540 (1996)]

verdict. After reviewing the record and transcript, we hold that he did not and affirm the order of the trial court.

The well-settled rule in this state is that a driver who otherwise exercises reasonable care has no duty to foresee the sudden appearance of a child who darts out into a street. *Koonce v. May*, 59 N.C. App. 633, 635-36, 298 S.E.2d 69, 72 (1982). "[T]he rule is that the driver is not the insurer of the safety of children in the street, and that under ordinary circumstances he is not bound to anticipate children in his pathway; a driver has to have enough time to stop or to avoid a collision before his failure to do so can be actionable negligence." *Koonce*, 59 N.C. App. at 636, 298 S.E.2d at 72. "It should be noted that the 'darting children' cases affirming a defendant driver's motion for a directed verdict appear to share a common theme. Generally, the plaintiff in those cases failed to present sufficient evidence on the defendant's ability to avoid the accident." *Phillips v. Holland*, 107 N.C. App. 688, 692, 421 S.E.2d 608, 610 (1992), *affirmed*, 333 N.C. 571, 429 S.E.2d 347 (1993).

In this case, plaintiff failed to produce any evidence that defendant Phillips could have avoided the accident. The only testimony presented showed that neither plaintiff nor his sister saw Phillips' vehicle before the accident and that Phillips told Officer Cates she did not see plaintiff until he darted into her path. Phillips was traveling below the posted speed limit and there was no evidence she left her proper lane of travel. Therefore, plaintiff presented no evidence that Phillips did see him or should have seen him in time to avoid the accident.

However, plaintiff contends he presented evidence creating an issue of material fact from which a jury could find negligence. First, he argues that because Phillips told Officer Cates she saw a young girl, presumably plaintiff's sister, across the street, Phillips was either improperly distracted from keeping a proper lookout and/or had a heightened duty to be on the lookout for children. *See Koonce*, 59 N.C. App. at 636, 298 S.E.2d at 72 ("When a driver knows or should know . . . that there are children on or near a roadway, he has a duty to use due care to control the speed and movement of his vehicle and to keep a vigilant lookout to avoid injury."). However, even if Phillips had a heightened duty to keep a proper lookout because she saw a young girl by the roadside or even if she was improperly distracted by the girl, there is no evidence in the record that, in the exercise of due care, Phillips should have seen the plaintiff in time to avoid the acci-

MANLEY v. PARKER

[123 N.C. App. 540 (1996)]

dent. Without proof that a defendant's inattention was a proximate cause of a collision with a child and that the defendant could have avoided the accident with the exercise of reasonable care, the defendant is entitled to a directed verdict in her favor, even assuming she failed to keep a proper lookout. *Daniels v. Johnson*, 25 N.C. App. 68, 71, 212 S.E.2d 245, 247 (1975).

Plaintiff also argues that since Officer Cates testified there were no obstructions to a driver's view on the roadway, it can be inferred that Phillips could have seen the child. However, this inference, without more, is insufficient to show negligence. In *Daniels*, this Court held that even though it could be reasonably inferred the defendant could have seen the plaintiff child crossing the street sometime during his crossing, without any evidence of when and where the plaintiff became visible to the defendant in relation to the positions of the two parties, the plaintiff failed to present sufficient evidence to overcome defendant's motion for a directed verdict. *Daniels*, 25 N.C. App. at 70, 212 S.E.2d at 246-47. In so holding, this Court said:

> There is no evidence in this record whatsoever as to where the defendant was at any particular time until she apparently applied her brakes five feet before striking the plaintiff. Thus, the evidence adduced at trial does not provide the answer to the crucial question in the case, that is, whether defendant, in the exercise of due care, could have seen the plaintiff in sufficient time to anticipate his collision course and to have taken effective measures to avoid striking him. Left to speculation is where the defendant was when she saw or by the exercise of reasonable care should have seen the plaintiff.

*Id.* Here, as in *Daniels*, there is only speculation, not evidence, concerning whether defendant should have seen the plaintiff and could have avoided the accident.

For the reasons stated, the order of the trial court granting defendants' motion for a directed verdict is affirmed.

Affirmed.

Judges GREENE and MARTIN, Mark D. concur.